CHARLES DALRYMPLE *et al.*, Respondents, v. THOMAS CRAIG, Appellant.

Kansas City Court of Appeals, April 5, 1897.

1. Judgment: PLEADING: ACCORD AND SATISFACTION. Where the answer shows a completed accord and satisfaction of the matter in dispute, it is error to render judgment on the pleadings, since such agreement bars either party thereto.

2. Contract: COLLATERAL V. PRINCIPAL: CONSTRUCTION OF PLEADINGS. Where a deed of release is made in supposed performance of a contract of settlement it is collateral to the settlement and is not the principal contract; and an answer in this case is *held* not to be inconsistent with itself but to state a proper defense to plaintiff's action.

*Appeal from the DeKalb Circuit Court.*—HON. W. S. HERNDON, Judge.

REVERSED AND REMANDED.

*S. G. Loring* for appellant.

(1) An accord and satisfaction is the substitution of another agreement between the parties in satisfaction of the former one, and an execution of the latter agreement. 3 Blackstone, Com., p. 15; 1 Am. and

Eng. Ency. of Law, p. 94; *Dry Goods Co. v. Gross*, 65 Mo. App. 57. (2) Courts are liberal in their construction of the plea of accord and satisfaction, and will often hold the plea good although informal. *Wilkinson v. Inglesby*, 2 Johns (N. Y.), 386. (3) The defendant's answer stated all the facts necessary to constitute a complete defense to the plaintiffs' alleged action: That defendant had paid plaintiffs large sums of money on their claim, and that on and prior to July 20, 1894, there was a dispute between them as to the amount actually due and owing plaintiffs from defendant; that as a compromise plaintiffs agreed to accept, and defendant to pay, $1,000, in full payment and satisfaction of all the indebtedness; that the money was paid and accepted by plaintiffs as such satisfaction, and plaintiffs released defendant's land mortgaged to secure a portion of said indebtedness. If defendant's answer did not set up in full payment and satisfaction of the alleged indebtedness, then I can not conceive how it is possible to plead accord and satisfaction. *Brink v. Garland*, 58 Mo. App. 359.

*Hewitt & Blair* and *Harwood & Hubbell* for respondents.

(1) "Every plea should be true and capable of proof, for, as it has been quaintly said, 'truth is the goodness and virtue of pleading, as certainty is the grace and beauty of it;' and if it appears to the court, on the defendant's own showing, that he has pleaded a false plea, this is a good cause of demurrer." 1 Chitty, Plead., side p. 541; Maxwell on Code Plead., p. 391. (2) The defendant, for his defense in the case at bar, relies upon a new and independent contract, and he should plead it so as to make a complete defense. Bliss on Code Plead. [2 Ed.], sec. 354a. The pleader

has utterly failed so to do; but, to the contrary, by setting out the agreement as executed, in the form of a release solemnly acknowledged, flatly contradicts the plea pleaded. *Wilkerson v. Bruce*, 37 Mo. App. 160. (3) Where a pleading is silent, ambiguous, or misleading it must be taken most strongly against the pleader; because it is the primary duty of the party drawing the pleading to express his meaning clearly and unmistakably. *Loehr v. Murphy*, 45 Mo. App. *loc. cit.* 523; *Snyder v. Free*, 114 Mo. *loc. cit.* 360; 1 Chitty on Pleadings, side p. 237; *U. S. v. Linn*, 1 Howard, *loc. cit.*, side p. 110; Maxwell on Code Pleadings, pp. 10, 11, and cases cited. (4) Accord and satisfaction is the substitution of another agreement between the parties in satisfaction of the former one, and an execution of the latter agreement. Accord and satisfaction forms a complete bar to any further action on the original claim; but accord, without satisfaction, does not bar such action. Neither does satisfaction without accord. 1 Am. and Eng. Ency. of Law, p. 94, and cases cited; *Shaw v. Burton*, 5 Mo. 478–480; *Oil Well Co. v. Wolfe*, *loc. cit.* 624; *Wilkerson v. Bruce*, 37 Mo. App. 156; *Dry Goods Co. v. Goss*, 65 Mo. App. *loc. cit.*, bottom of page 59; *Goff v. Mulholland*, 28 Mo. 397, *loc. cit.* 399. (5) Defendant's answer shows conclusively that the $300 note in suit did not have any connection whatever with the deed of trust, neither was it mentioned in or in any way referred to in the deed of release. It is the general rule that parol evidence is inadmissible to contradict, add to, subtract from, control or vary a written instrument. *Clamorgan v. Guisse*, 1 Mo. 141; *Lane v. Price*, 5 Mo. 101; *Cockcrell v. Kirkpatrick*, 9 Mo. 697; *Pierson v. Carson*, 69 Mo. 550; *Johnson v. Wood*, 84 Mo. 489; *Tracy v. Iron Works*, 104 Mo. 193; *Evans v. Mfg. Co.*, 118 Mo. 548.

GILL, J.—Plaintiffs sued the defendant on a promissory note for $300 executed by him October 12, 1891, and payable to plaintiffs ten days after date, the petition being in the ordinary form. The defendant filed an elaborate answer, the substance of which was, that defendant executed the note, which was one of three given to settle a judgment of about $2,100 obtained by plaintiffs against defendant in June, 1891; that the other two notes were respectively for $900 and $921, payable on or before five years from the date thereof, and both of which were at the time secured by a deed of trust on certain real estate owned by defendant; that plaintiffs failed to satisfy on the record the judgment in payment for which said notes were executed; that afterward, during the years 1891, 1892, 1893 and before July 20, 1894, defendant made various payments on said indebtedness evidenced by said three notes; that on and prior to said July 20, 1894, a dispute arose as to the amounts defendant had paid, and on that date the parties agreed on a final and complete compromise and settlement whereby defendant was to pay plaintiffs the sum of $1,000 cash in full satisfaction of said indebtedness and all said notes; that defendant did pay said sum of $1,000 and the same was accepted by plaintiffs as a full compromise and settlement of each and all of said notes, to wit, said $300 note sued on, as well as the other two notes of $900 and $921, that on said July 20, 1891, plaintiffs, for the purpose of releasing and satisfying the deed of trust, made as before stated to secure said two last named notes, executed their quitclaim deed to defendant. The answer then contains a *verbatim* copy of this release deed, wherein the plaintiffs, for a stated consideration of $1,000, quitclaim the land to defendant,

PLEADING.

Dalrymple v. Craig.

and then recited further that said deed was "made in release of and as an acknowledgment of full payment and satisfaction of and for a certain deed of trust executed by Thomas Craig," etc. (fully describing the deed of trust)   *   *   *   and also to release and acknowledge full payment and satisfaction of a certain judgment" (then describing the judgment first mentioned and which according to the answer formed the consideration and basis of the note in suit as well as the two notes secured by deed of trust)   *   *   * said deed of trust and the notes therein described being given in full satisfaction of said judgment, and satisfaction thereof having failed to be entered upon the margin of said record judgment," the deed closing with the usual *habendum* clause, etc., signed and acknowledged by the plaintiffs. The answer then alleges that the note in suit was therefore paid and prays that defendant be discharged with his costs.

Following this answer plaintiffs filed a motion for judgment in their favor on the pleadings which the court sustained, and the defendant brought the case here by appeal.

It is difficult to understand upon what theory the trial judge sustained plaintiffs' motion for judgment on the pleadings. It seems to us that a good defense was set up in defendant's answer. While not a model of skillful pleading—being verbose and objectionable as pleading evidence, yet the substantive facts there alleged are, if true, sufficient to defeat plaintiffs' action. Conceding the allegations of the answer to be true, the defense is this, that plaintiffs had a judgment against the defendant; that in settlement thereof defendant gave to plaintiffs three promissory notes—one of $300 due ten days (and which is now sued on), one of $900 and another of $921, both due in five years, the last

JUDGMENT:
   pleading: accord and satisfaction.

two secured by deed of trust on certain land; that payments were made on this aggregate indebtedness along from time to time till in July, 1894, when, the parties disagreeing as to the amount of balance due, a compromise, or accord and satisfaction were effected— the defendant agreeing to pay and paying to plaintiffs $1,000 in full satisfaction and payment for all said notes. To carry out this agreement, plaintiffs executed the quitclaim deed copied in the answer, whereby defendant's property was released from the deed of trust. These facts show a completed accord and satisfaction— an *executed* agreement for the liquidation and settlement of a matter in dispute. This being so, an action by either party is, on the clearest principles, barred.

It would seem, however, from an examination of plaintiffs' brief, that counsel, and perhaps the learned. circuit judge, attach more importance to the quitclaim deed, or rather the recitals therein, than CONTRACT: collateral v. principal: construction of pleadings. that instrument deserves. It seems to be looked upon and regarded as the sole embodiment of the terms of the contract of settlement between the parties—in other words, that the defense is based on that deed. And hence it is claimed that the instrument pleaded shows that defendant's answer is false, and that the court should treat it as a sham and enter judgment accordingly. This attack on the allegations of the answer is made because of an alleged inconsistency existing between said allegations and the recitals in the deed—the former stating that the old judgment of plaintiffs against the defendant was settled by the execution and delivery of the *three* notes—to wit, for $300, for $900, and for $921 —while the recitals in the quitclaim deed state that said judgment was paid by the execution and delivery of the *two last named notes only.*

The error of this position is, in assuming that the instrument executed for the sole purpose of releasing defendant's land from the deed of trust was *the contract* or agreement of accord and satisfaction entered into between the parties. The case as made by the answer does not show this. The contract of compromise was outside and prior to the execution of said quitclaim deed. It would seem from the terms of the defendant's answer that the parties first agreed on the terms of settling the entire indebtedness—the $300 note in suit as well as the two larger notes secured by deed of trust—the money ($1,000) was paid, and then plaintiffs, to further carry out and complete the terms of settlement, executed the said deed of release. The deed of release then was not the *contract* of adjustment and compromise, but rather an act done by the plaintiffs in supposed *performance* of the contract of settlement; it was collateral rather than principal. If when the cause comes on for trial, the issue should be whether or not the $300 note in suit had any connection with the compromise agreement, plaintiffs might well use the quitclaim deed as tending to prove their contention that said note in suit had no connection with the settlement, because this subsequent act by the parties would tend to prove the construction the parties gave the contract of compromise and what they then deemed as having been settled.

In our opinion, then, the court erred in entering judgment for plaintiffs on the pleadings, and it follows that the judgment must be reversed and cause remanded. All concur.