STATE v. KINCAID.

(Filed December 4, 1906).

*Seduction Under Promise of Marriage—Evidence—Corroborating Testimony—Comments of Counsel.*

1. In an indictment for seduction under promise of marriage, evidence offered by the State before the defendant had become a witness, of his declarations to the prosecutrix acknowledging the obligation to marry her, but giving his relations with another woman as an excuse for postponing the ceremony, was competent.

2. For the purpose of corroborating the prosecutrix, it was competent for her mother to testify that the prosecutrix told her that she was going to marry the defendant, but that he could not marry her then, as he was in trouble with another woman.

3. In an indictment for seduction under promise of marriage, the defendant's illicit relations with another woman, proved by his declarations to the prosecutrix, were properly the subject of comment by counsel.

4. In an indictment for seduction under promise of marriage, it is competent to ask the defendant on cross-examination if he had not transferred his property to avoid the result of the indictment.

CONNOR and WALKER, JJ., dissenting.

INDICTMENT against S. A. Kincaid, heard by *Judge M. H. Justice* and a jury, at the March Term, 1906, of the Superior Court of BURKE.

The defendant was convicted of the crime of seducing one Ethel Hood under promise of marriage, and from the sentence imposed he appealed.

*Robert D. Gilmer, Attorney-General,* and *Isaac T. Avery,* for the State.
*Self & Whitener* and *S. J. Erwin* for the defendant.

BROWN, J.    The defendant contends that the Court erred in admitting testimony that he was living in fornication and

142—42

STATE *v.* KINCAID.

adultery with Lillian Davis, and the brief of the defendant's counsel points out the pages of the record alleged to contain such evidence.

It is contended that such evidence is collateral to the issue and that it constitutes an attack on the defendant's character before he had become a witness and put his character in issue. Many authorities are cited in support of such contention, which it is unnecessary to review, as we think the counsel for the defendant have misconceived the purport and character of this evidence. It was brought out by the State, in chief, in the examination of the prosecutrix, who testified as to her seduction by the defendant, under promise of marriage, and that sexual intercourse with him had continued for some time. She says: "When I became pregnant I mentioned his promise to marry me.   *   *   *   He would say, 'Wait'; and said he was in a mess with a Davis girl.   *   *   *   He said he would stop off from the Davis girl and come in a month or so or as soon as he could,   *   *   *   and that the Davis girl had broken open a letter I wrote him."

For the purpose of corroborating Ethel Hood, Mrs. Jennie Hood, her aunt, was permitted over the defendant's objection to testify: "Ethel told me she was going to marry Sidney Kincaid. I asked her when, and she said, 'He says he can't marry now; that he was in trouble with the Davis girl.' " All this evidence was received before the defendant was offered as a witness. It was perfectly competent at the time it was offered, and the fact that the defendant afterwards, when examined in his own behalf, denied all relations with Lillian Davis, did not make it incompetent. These are declarations of the defendant to Ethel Hood; conversations with her, in which he gives his relations with Lillian Davis as an excuse for postponing the promised marriage with the prosecutrix. These declarations are a part of the *res gestæ,* so to speak, acknowledging and renewing the obligation to marry, but at the same time offering his relations with Lillian

Davis as a reason for putting off the performance of the promise. It is elementary learning that declarations of a defendant pertinent to the issue, made in the hearing of a witness, are always admissible against him. *State v. Lawhorn,* 88 N. C., 634.

The testimony of Mrs. Jennie Hood was not offered in any sense as "character evidence" against the defendant, but solely as corroborative evidence, tending to corroborate Ethel Hood's testimony as to the promise of marriage and why its performance was so long delayed. The record fails to disclose any testimony whatever as to the relations of the defendant with Lillian Davis, except the declarations of the defendant made to the prosecutrix, offered in chief by the State, as evidence of a promise to marry and as an excuse for postponing the ceremony.

During the argument before the jury, one of the counsel for the State was arguing that the defendant was now living in fornication and adultery with Lillian Davis, after debauching Myrtle Sudderth and seducing the prosecutrix. The defendant objected to the argument as to the defendant's living in fornication and adultery with Lillian Davis. The Court overruled the objection and allowed counsel for the State to proceed with his argument as to the adultery of the defendant with Lillian Davis, and the defendant excepted. We see no reason why the Court should have stopped counsel from commenting upon the defendant's relations with Lillian Davis and Myrtle Sudderth. He practically admitted his illicit relations with the latter, and that he left the State on account of them. His relations with Lillian Davis, proved by his declarations to the prosecutrix, were properly the subject of comment, and we cannot see from the record that the counsel overstepped the bounds of legitimate criticism. *State v. Horner,* 139 N. C., 603.

The defendant, being examined in his own behalf, was asked by the Solicitor of the State if he had not transferred

his property to avoid the result of this· indictment. The
defendant objected to the question, and the objection was
overruled. The witness said that he had done so, and the
defendant excepted. We see as little merit in this exception
as in the others in the record. It was competent to ask the
defendant on cross-examination concerning his acts in refer-
ence to this charge against him. It would have been equally
as competent to ask him if he had not fled from the charge.

We have examined each exception and find them all with-
out merit. The case seems to have been fairly tried and we
find

No Error.

CONNOR, J., dissenting: I concur in the opinion that the
declarations of the defendant made to the prosecutrix were
competent for the purpose of supporting or corroborating her
testimony in regard to the promise of marriage. It was not
competent to prove that, either at the time they were made or
at the trial, the defendant was living in adultery with the
"Davis girl." The only controverted question in the case was
whether, prior, and as an inducement to the prosecutrix to
surrender her person to the defendant, he promised to marry
her. This, if made at all, was some seven years before the
trial, and several years before the alleged declaration. I
concur with *Mr. Justice Brown* that "the record fails to
disclose any testimony whatever as to the relations of the
defendant with Lillian Davis, except the declarations of the
defendant made to the prosecutrix." This being true, I do
not think that the counsel for the prosecution should have
been permitted to argue to the jury "that he was then living
in fornication and adultery with Lillian Davis," after the
defendant's objection. After his Honor had correctly and
clearly stated that the declaration was admitted for the sole
purpose of corroboration, he was not called upon to introduce
evidence to show that he was not living with Lillian Davis,

except for the purpose of showing the improbability of his having made the declaration. · Whether he was or was not so living was not relevant to the issue. He did, however, expressly deny that he had illicit relations with her, and *it is* well settled that, being collateral, his denial was conclusive. *State v. Cagle,* 144 N. C., 835. To permit the attorney for the State to use his declaration, admitted and competent for one purpose only, to persuade the jury that he was guilty of a separate and distinct crime, and draw therefrom prejudicial conclusions in regard to his guilt upon this issue, was error.

This is especially so after he had denied that he had such illicit relations with Lillian Davis. The testimony developed, on the part of the defendant and the prosecutrix, a course of lewd conduct well calculated to excite disgust and bring a jury to a verdict of guilty. It is in such case that the rules of procedure and of evidence, based upon experience and reflection, are in danger of being relaxed. The safety of the citizen, when charged with crime, depends upon at least a substantial enforcement of these rules. While the defendant may be guilty, he is entitled to be tried according to the "law of the land." I think that there should be a new trial.

WALKER, J., concurs in dissenting opinion.