GREENSBORO LIFE INSURANCE COMPANY v. S. W. B. KNIGHT.

(Filed 11 December, 1912.)

1. **Evidence—Conflicting—Questions for Jury.**

Where there is conflicting and competent evidence upon whether a premium note was given for a policy of life insurance induced by false and fraudulent representations of the insurance agent made at the time the note was delivered, it presents an issue of fact, upon which the finding of the jury is conclusive.

2. **Insurance—Contracts—Fraud—Parol Evidence.**

Testimony of representations of an insurance agent falsely and fraudulently made, which would, if established, vitiate a policy of life insurance, is not governed by the rule of evidence that the written policy may not be varied by parol testimony.

3. **Insurance—Contracts—Principal and Agent—Fraud—Corroborative Evidence—Intent—Statements Made to Others.**

Where the validity of a life insurance policy is attacked for the false and fraudulent representations of the agent, as thus inducing the contract, it is competent to show, in corroboration of the plaintiff's evidence, that the agent sold only one kind of policy, and by others that he made the same representations to them as an inducement to insure; and also as evidence of the intent of the agent in making the representations to the plaintiff.

4. **Insurance — Contracts—Corroborative Evidence—Declarations— Justice's Court—Harmless Error.**

Where the declarations of an insurance agent are competent as corroborative of the testimony of the plaintiff as to fraud in the procurement of the policy of life insurance, and as to the intent of the agent in making them, it is admissible to show, in the same action on appeal to the Superior Court, that the agent had testified in the magistrate's court to certain facts; and if error was committed in admitting these declarations, it was cured by the agent's testimony to the same effect in the Superior Court.

APPEAL by plaintiff from *Cline, J.,* at Spring Term, 1912, of NORTHAMPTON.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Mason, Worrell & Long and T. C. Harrison for plaintiff.*
*Winborne & Winborne, D. C. Barnes, Gay & Midgett, and Peebles & Harris for defendant.*

CLARK, C. J. This was an action begun before a justice of the peace for the recovery on a note of $133.38 for the first premium on an insurance policy for $2,000. The defendant refused to pay the note, upon the ground that the execution of the note had been secured by false and fraudulent representations of the plaintiff made at the time the note was executed and delivered. The whole case turned upon that point and the jury found the facts with the defendant.. Upon this proposition, there was testimony on both sides, and being an issue of fact, it is not necessary to state the evidence upon which the jury acted.

The first exception was because the defendant was allowed to state what representations were made to him by the insurance agent, and cannot be sustained. The rule that parol agreements are merged in a written contract is not applicable where the allegations and issue are that the written contract was procured by false and fraudulent representations. *Gwaltney v. Assurance Society,* 132 N. C., 928, and cases there cited.

Exception 2 was abandoned and Exception 3 was because the witness was allowed to state what Mourer, the insurance agent, said in his testimony at the trial before a justice of the peace relative to the character and kind of insurance he had written for other parties in the county at the time he solicited this insurance. This was competent, because the evidence showed that the agent had only attempted to write one kind of policy, and they all were of the same kind as that of the defendant. If error, it was harmless, for Mourer testified to same purport at this trial.

All the other exceptions are practically to admission of testimony of the seventeen witnesses who testified, in corroboration and to show the intent of the insurance agent in making the false representations to the plaintiff, that he made the same representations to them. The court so told the jury at the time he admitted the testimony, and also in his charge. He charged them that such evidence was competent for that purpose only, if they found that the agent did make false representation, and that the jury could consider the evidence as to the transactions and conversations of the agent with these other parties in that way, and for no other purpose.

160—38

Evidence of a collateral offense of the same character and tending to prove guilty knowledge of the party, when that is an essential element of the crime, is admissible. *S. v. Graham,* 121 N. C., 627; *S. v. Jeffreys,* 117 N. C., 727. These conversations and transactions were made by the same agent about the same kind of policies, about the same time; were representations of the same character, and made to thirty-eight different parties, to the same purport.

Such evidence is admissible in criminal actions and *a fortiori* it is admissible in civil actions. *Brink v. Black,* 77 N. C., 59.

Upon an examination of all the exceptions, we find

No error.