This is an action to recover damages for the speaking of certain slanderous words. The jury returned the following verdict:
"1. Did the defendant falsely speak of the plaintiff that she, meaning the plaintiff, had stole things from the stores around here, and were the words uttered in the hearing of other persons, as alleged in paragraph 2 of the complaint? Answer: `Yes.'
"2. Were such words spoken by the defendant with malice against the plaintiff? Answer: `Yes.' *Page 202 
"3. Did the defendant falsely speak of the plaintiff that she, meaning the plaintiff, `is a thief, and I can prove it; she has been in the habit of stealing goods from the stores in this neighborhood, going to stores pretending to buy, and stealing goods from the stores and going off without paying for them,' and were such words spoken in the hearing of other persons, as alleged in article 3 of the complaint? Answer: `No.'
 "4. Were such words spoken by the defendant maliciously? Answer: `No.'
(217) "5. Did the defendant, in the hearing of other persons, falsely speak of the plaintiff, `She has forged due-bills'? Answer: `Yes.'
"6. Were such words spoken maliciously? Answer: `Yes.'
"7. Did the defendant, in the hearing of others falsely speak of and concerning the plaintiff that she had sold 4 bushels of corn for 5, meaning and intending thereby to charge that she, the plaintiff, purposely, by false measure, sold for 5 bushels of corn only 4 bushels, and intending and knowing that the persons so standing around and hearing the words should so understand that significance of the words? Answer: `Yes.'
"8. Were the words spoken maliciously? Answer: `Yes.'
"9. What damages, if any, is the plaintiff entitled to recover of the defendant? Answer: `$225.'"
Judgment was rendered in favor of the plaintiff, and the defendant excepted and appealed.
It is provided in the Rules of Practice in this Court, No. 34, that exceptions in the record by appellant, "in support of which no reason or argument is stated or authority cited, will be taken as abandoned by him," and applying the rule, we must decline to consider the statement in the brief filed, that "the defendant has ten assignments of error, all of which he insists upon in this Court."
The only exception discussed is to the charge of his Honor that the plaintiff would be entitled to recover damages if she established either of the charges made in the complaint, and in this there is no error.
The charges are distinct and separate, and the establishment of one in no way depended on the other.
No error.
Cited: Guano Co. v. Mercantile Co., 168 N.C. 225. *Page 203