WINBORNE GUANO COMPANY v. PLYMOUTH MERCANTILE COMPANY.

(Filed 17 February, 1915.)

1. Vendor and Purchaser—Contracts—Certain Quantity "or More."

    A contract to purchase a certain quantity of guano, "or more," by a fixed date, to be shipped out by the seller as ordered, is not too indefinite in its terms to be enforcible by the seller as to the quantity definitely agreed upon.

2. Contracts—Evidence—Other Contracts.

    Where in a suit upon contract for the sale of goods the purchaser denies the terms thereof, it is not competent for him to show that the con-

tract was different from the one alleged, by evidence that the seller had made a different contract for the sale of his wares with other persons. *Ins. Co. v. Knight*, 160 N. C., 592, cited and distinguished.

**3. Trials—Evidence—Nonsuit.**

Upon a motion to nonsuit, the defendant's evidence favorable to him cannot be considered, but only that which is favorable to the plaintiff.

**4. Appeal and Error—Briefs—Exceptions Abandoned—Rules of Court.**

An exception mentioned only incidentally and without discussion in the brief, will be taken as abandoned, under Rule 34 of the Supreme Court.

**5. Trials—Instructions—Requests—Appeal and Error—Presumptions.**

Exceptions to the refusal of the trial judge to give prayers for instruction to the jury, asked, though appearing to be proper upon the evidence in the case, will not be held as error on appeal when the charge of the trial judge does not appear in the record and there are no exceptions thereto; for it will be presumed that the charge as given was a proper and correct one, and substantially covered the request for instruction, the exact language being immaterial.

APPEAL by defendant from *Carter, J.,* at September Term, 1914, of CHOWAN.

*Pruden & Pruden for plaintiff.*
*W. M. Bond, Jr., and E. G. Bond for defendant.*

WALKER, J. This action was brought by plaintiff to recover damages for breach of contract in refusing to take certain fertilizers which had been sold to defendant. The latter agreed with plaintiff, on 5 January, 1913, to buy from him "100 bags or more" of different kinds of fertilizers, named in the contract, at prices therein fixed, to be delivered "f. o. b. cars at Norfolk, Va., freight to be added. Payable 1 May, 1913, to be covered by note or cash within thirty days from time of shipment," and to be shipped, as wanted, to 1 May, 1913, upon signed orders from defendant. According to the terms of the agreement, as we construe it, defendant bought the fertilizers and all were to be shipped by 1 May, 1913, and in lots as ordered.

Defendant contends that this contract was too uncertain and indefinite in its phraseology to be enforcible, as no particular quantity of fertilizer is specified; but we think this is an erroneous view of it, as defendant was bound thereby to take at least one hundred bags by the first day of May, and this is all for which the jury assessed the damages, as is apparent from the evidence and verdict.

It was not competent to prove that W. F. Spruill had a similar understanding and agreement with the plaintiff, for the purpose of showing that defendant had the same kind of agreement with the plaintiff. It does not follow that if a contract is made with one person, a contract of the same character was made with another. The case of *Ins. Co. v.*

*Knight,* 160 N. C., 592, does not apply, as there the evidence was admitted to prove like transactions by the agent with others, for the purpose of showing his fraudulent intent, which is an exception to the general rule.

The motion to nonsuit was properly disallowed, as the court could not consider any of defendant's testimony in its favor, but only that of the plaintiff and such parts of the defendant's as tended to establish plaintiff's right to recover.

The first prayer of defendant for instructions is mentioned incidentally in its brief, but not discussed. It will, therefore, be taken as abandoned, under Rule 34 of this Court (164 N. C., 551). *Watkins v. Lawson,* 166 N. C., 216. The second prayer misinterprets the contract. The defendant was bound thereby to take all of the guano by 1 May, 1913; but it could do so in such quantities as were designated in its written orders.

It was testified by C. M. Tetterton, manager of the defendant company, which was owned by Conway Newman, that there was an oral agreement with the plaintiff "that the contract about the guano should not be binding until defendant had calls from customers and should order it out, and it was signed on the strength of this understanding, and there were no such calls from customers and no orders for the guano were therefore given." This evidence was not objected to, and we must infer that it was submitted to the jury. As the charge was not sent up, we must presume that the judge instructed the jury correctly in regard to all matters involved, including the effect of the alleged oral agreement, as to the operation of the contract and its binding effect, and especially so in the absence of any exception to the charge. *Elliott v. R. R.,* 166 N. C., 481; *Wacksmuth v. R. R.,* 157 N. C., 34; *Mizell v. Mfg. Co.,* 158 N. C., 265. In the *Wacksmuth case* it was said: "The charge of the judge is not set out, but as there is no exception to it, we must assume that he fully explained to the jury the significance of the issue and the bearing of the evidence." This being so, a reasonable interpretation of the verdict shows that the jury decided against the defendant as to the existence of any such agreement. At any rate, defendant had the full benefit of this evidence before the jury, and cannot, therefore, complain.

If the judge refused any instruction in the form requested by counsel, it does not follow that he did not give it substantially, at least, in his charge, and we must assume that he did, in default of an inspection of the charge and of any exception thereto. We cannot say that the jury were not fully instructed, in the absence of any knowledge of the charge. The presumption here is in favor of the correctness of the trial below. If a prayer is refused, but the charge, nevertheless, is sufficiently respon-

sive to it, though not given in its exact language, there is no ground for exception. *Carter v. R. R.,* 165 N. C., 244, 253.

Upon a careful review of the whole record, no error has been discovered.

No error.