JOE HARRISON AND WIFE, HETTIE HARRISON, v. D. M. SLUDER.

(Filed 17 April, 1929.)

**Contracts E a—Action of defendant held not a breach of contract for board during his life.**

Where there is a contract to furnish the defendant board and lodging during his life in consideration of his willing all his property to the plaintiffs, the defendant does not breach his contract by merely leaving the plaintiffs' house without objecting to the board and lodging, which the plaintiffs are ready, able, and willing to furnish, and residing elsewhere, and the plaintiffs may not maintain an action for the amount of the board and lodging to the date of his so leaving without showing that the defendant has breached the same by refusing to comply with its terms.

APPEAL by plaintiffs from judgment of Superior Court of GUILFORD, *Moore, J.* Affirmed.

This action was begun and tried in the municipal court of the city of High Point, before Teague, J., and a jury.

From judgment of said court dismissing the action, plaintiffs appealed to the Superior Court of Guilford County. The only assignment of error on said appeal was based on plaintiffs' exception to the judgment which was rendered upon defendant's motion at the close of all the evidence.

From the judgment of the Superior Court, refusing to sustain plaintiffs' assignment of error, and affirming the judgment of the municipal court, plaintiffs appealed to the Supreme Court.

*D. C. MacRae and R. T. Pickens for plaintiffs.*
*Z. I. Walser for defendant.*

CONNOR, J. This is an action to recover the value of board and lodging furnished by plaintiffs to defendant, under a special contract, entered into by and between plaintiffs and defendant, on or about 20 March, 1925. The contract is admitted in the pleadings. There is no controversy between the parties as to its essential terms.

Plaintiffs agreed to board and lodge the defendant, in their home in the town of Thomasville, N. C., so long as he should live, and defendant, in consideration of said agreement, agreed to execute his last will and testament and thereby devise and bequeath to plaintiffs all his property, both real and personal, to the end that plaintiffs should have said property at defendant's death.

Pursuant to the terms of said contract, defendant entered the home of plaintiffs on or about 20 March, 1925, and lived in said home continuously, except when absent on occasional visits, from said date to 10 October, 1927. During this time plaintiffs, under the terms of their contract with defendant, furnished to him board and lodging in their home. Defendant accepted said board and lodging without complaint. On 14 March, 1925, defendant signed and duly executed a paper-writing which is in form sufficient to constitute his last will and testament; he thereby devised and bequeathed to plaintiffs all his property, both real and personal. Defendant delivered said paper-writing to the person named therein as executor of said last will and testament; said paper-writing has not been altered, revoked or canceled, but is now in the possession of the person to whom it was delivered by defendant. From the date on which plaintiffs and defendant entered into said contract, to wit, 20 March, 1925, to 10 October, 1927, both parties to said contract complied in all respects with its terms.

On 10 October, 1927, defendant left plaintiffs' home; from said date to the date of the commencement of this action, to wit, 11 February, 1928, defendant boarded and lodged elsewhere than at the home of plaintiffs. When defendant left the home of plaintiffs, and procured board and lodging elsewhere, he made no complaint of the board and lodging furnished to him by plaintiffs in their home. The only reason defendant gave for leaving plaintiffs' home was that he did not like to live in town, and wished to live in the country. Prior to 10 October, 1927, defendant had frequently left plaintiffs' home for visits, after which he returned to said home and resumed his relations with plaintiffs. There was no evidence tending to show that plaintiffs objected to defendant leaving their home, or that they have at any time requested him to return; nor was there evidence tending to show that defendant, since leaving plaintiffs' home on 10 October, 1927, has made any demand or request of plaintiffs with respect to his board and lodging. Defendant has simply left plaintiffs' home, without complaint as to the manner in which plaintiffs had complied or were complying with the terms of their contract; there was no evidence tending to show whether or not defendant intends to return to plaintiffs' home, and to resume his relations to plaintiffs under the contract.

The only question presented for decision is whether there was any evidence from which the jury could have found that defendant had breached or abandoned his contract with plaintiffs, and thereby subjected himself to this action for the recovery of the value of the board and lodging furnished by plaintiffs to him, prior to 10 October, 1927, in part performance by them of their contract with defendant.

We concur with the judge of the Superior Court in his decision that there was no error in the judgment of the municipal court, dismissing the action for that there was no evidence at the trial tending to show that defendant had breached the contract, or that the contract had been abandoned by either party thereto.

Plaintiffs rely upon *Hayman v. Davis*, 182 N. C., 563, 109 S. E., 554, as sustaining their assignment of error. In that case, defendant by his demurrer, admitted that the contract by which he had agreed to give his land to plaintiff, had been abandoned. It was, therefore, held that, upon the allegations of the complaint, plaintiff could recover, before the death of defendant, on a *quantum meruit* for the services she had performed prior to defendant's breach and abandonment of the contract. In the instant case, defendant denies that he has breached the contract, or that the contract has been abandoned by either party thereto; he alleges in his answer that the contract is still subsisting, and is in full force. There was no evidence to sustain the allegation in the complaint that defendant had breached the contract, or that the contract had been abandoned. The failure of defendant to remain in plaintiffs' home continuously, and to accept there the board and lodging which plaintiffs are ready, willing and able to furnish, in accordance with their contract, does not relieve defendant of his obligation, under the contract; so long as plaintiffs are ready, willing and able to comply with the contract on their part, defendant is and will be bound by its terms. It is elementary that plaintiffs cannot maintain an action on the contract, until and unless defendant has in some way breached it. Defendant did not agree to remain continuously in plaintiffs' home, so long as he shall live; if he chooses to leave said home from time to time, of his own accord, and to procure board and lodging elsewhere, he does not thereby breach his contract to execute his last will and testament, devising and bequeathing all his property to plaintiffs, in consideration of board and lodging furnished to him by plaintiffs, or of board and lodging which plaintiffs are ready, willing and able to furnish to him, at his request in their home.

In the absence of evidence showing a breach of the contract by defendant, amounting to an abandonment of the contract, acquiesced in by plaintiffs, plaintiffs cannot recover of defendant, during his lifetime,

on a *quantum meruit,* for board and lodging furnished to him, under the contract. If defendant shall fail to devise and bequeath his property to plaintiffs, by his last will and testament, he will thereby breach his contract, and plaintiffs can then recover damages caused by such breach, upon showing that they have fully performed the contract, on their part, by furnishing board and lodging to defendant so long as he lived; they cannot then be defeated of their recovery by a showing that defendant did not remain continuously in their home, and there accept board and lodging which plaintiffs were at all times ready, willing and able to furnish in performance of their contract. We find no error in the judgment of the Superior Court. It is

Affirmed.