CHARLES H. LIPE v. CITIZENS BANK AND TRUST COMPANY ET AL.

(Filed 27 February, 1935.)

**1. Wills B b—Executors and Administrators D b—**

> When a person performs services under an oral agreement, express or implied, that compensation therefor should be provided in the will of the person receiving the services, and no such testamentary provision is made, a cause of action accrues against the estate for breach of the contract or for the value of the services rendered.

**2. Limitations of Actions B a—**

> A cause of action for breach of a contract to devise or for the value of services rendered in reliance upon such agreement accrues upon default, which may arise from abandonment or anticipatory breach, but which usually arises upon failure to make testamentary provision as promised.

**3. Wills B c—**

> Plaintiff alleged that he performed services in reliance upon testatrix' oral agreement to will him all of her property. Testatrix' estate consisted largely of real estate: *Held,* upon the facts disclosed by the record, plaintiff's recovery was properly limited to the reasonable value of the services rendered.

APPEAL by defendants from *Harding, J.,* at June Term, 1934, of CABARRUS.

Civil action to recover for services rendered by plaintiff to Alice J. Bost during the last nineteen years of her life, it being alleged that in 1910 the said Alice J. Bost "asked the plaintiff to look after and manage her affairs in general and render such other services, and to do other work for her, as she from time to time might request, and told him if he would do so, that she would make her will leaving all her property to him."

Alice J. Bost died in 1929, leaving a will in which she bequeathed to the plaintiff the sum of $3,000. She left an estate, consisting largely of real property, valued at approximately $16,000. Among the assets was a note of $250, executed by the plaintiff to the deceased, and upon which interest had been paid up to 26 March, 1928.

Upon denial of liability and issues joined, the jury returned the following verdict:

"1. Did defendant's testate, Alice J. Bost, and Chas. H. Lipe enter into a contract, as alleged in the complaint? Answer: 'Yes.'

"2. Did defendant's testate, Alice J. Bost, breach said contract? Answer: 'Yes.'

"3. Did the plaintiff Chas. H. Lipe render services to said Alice J. Bost in good faith, relying on her contract and agreement with him, as alleged in the complaint? Answer: 'Yes.'

"4. What amount, if any, is plaintiff entitled to recover? Answer: '$3,875.'

"5. Is the plaintiff's action barred by the three-year statute of limitations, as alleged in the answer? Answer: 'No.'

"6. What sum, if any, is the plaintiff indebted to the defendants by reason of the note set up in the counterclaim? Answer: '$250.00, with interest at 6 per cent from 26 March, 1928.'"

The court instructed the jury that the plaintiff was not seeking to recover damages for breach of the alleged contract, but for the reasonable value of the services rendered by him to the said Alice J. Bost under the contract during the last nineteen years of her life. Exception.

Upon the 5th issue, relating to the statute of limitations, the jury was instructed as follows: "The court charges you, gentlemen, upon all the evidence, if you believe it to be true, it would be your duty to answer the fifth issue 'No'; and the court has already answered it 'No' for you." Exception.

Judgment on the verdict for plaintiff, from which the defendants appeal, assigning errors.

*Hartsell & Hartsell and Crowell & Crowell for plaintiff.*
*Z. A. Morris, Jr., and H. S. Williams for defendants.*

STACY, C. J. This is the same case that was before us at the Fall Term, 1933, opinion filed 28 February, 1934, and reported in 206 N. C., 24, 173 S. E., 316.

It is established by the decisions in this jurisdiction:

1. That when services are performed under an oral agreement, express or implied, that compensation is to be provided therefor in the will of the party receiving the benefit, and no such provision is made, an action will lie to recover for the breach, or to prevent an unjust enrichment, if

need be, on the part of the recipient of such services. *Grantham v. Grantham,* 205 N. C., 363, 171 S. E., 331; *Hager v. Whitener,* 204 N. C., 747, 169 S. E., 645; *Redmon v. Roberts,* 198 N. C., 161, 150 S. E., 881; *Brown v. Williams,* 196 N. C., 247, 145 S. E., 233; *Deal v. Wilson,* 178 N. C., 600, 101 S. E., 205; *Patterson v. Franklin,* 168 N. C., 75, 84 S. E., 18; *Whetstine v. Wilson,* 104 N. C., 385, 10 S. E., 471; *Miller v. Lash,* 85 N. C., 52.

2. That the cause of action accrues at the time of default, which may arise from abandonment or anticipatory breach (*Shore v. Holt,* 185 N. C., 312, 117 S. E., 165), but which usually results from failure to make testamentary provision as promised. *Harrison v. Sluder,* 197 N. C., 76, 147 S. E., 684; *Fertilizer Co. v. Eason,* 194 N. C., 244, 139 S. E., 376; *Brown v. Williams, supra; Patterson v. Franklin, supra; Helsabeck v. Doub,* 167 N. C., 205, 83 S. E., 241; *Freeman v. Brown,* 151 N. C., 111, 65 S. E., 743; *Whetstine v. Wilson, supra; Miller v. Lash, supra.*

3. That the measure of damages, or recoverable compensation, on facts such as disclosed by the present record, is the reasonable value of the services rendered. *Grantham v. Grantham, supra; Nesbitt v. Donoho,* 198 N. C., 147, 150 S. E., 875; *Patterson v. Franklin, supra; Faircloth v. Kenlaw,* 165 N. C., 228, 81 S. E., 299; 25 R. C. L., 307.

Applying these principles, as gleaned from the authorities, to the facts of the instant case, it would seem that the rulings, both as to the measure of recovery and the statute of limitations, are amply supported by the decisions. Nothing was said in *Hayman v. Davis,* 182 N. C., 563, 109 S. E., 554, or in *McCurry v. Purgason,* 170 N. C., 463, 87 S. E., 244, which militates against any of the conclusions above stated, but, in reality, all that was said in these cases, when properly interpreted, fully accords with said conclusions. The verdict and judgment will be upheld.

No error.