JOHN H. GALES AND WIFE, JULIETTE SMITH GALES v. DAVID CAR-MER SMITH, EXECUTOR OF THE ESTATE OF J. O. SMITH.

(Filed 14 January, 1960.)

1. **Executors and Administrators § 24d—**

In assessing damages in an action in *quantum meruit* for services rendered decedent under an implied contract to pay for them, the benefits received by plaintiffs and their children from the deceased, including the use of the home and farm while performing the services, should be deducted from the value of the services rendered.

2. **Executors and Administrators § 24a—**

An action to recover for services rendered decedent in reliance on a parol contract to convey is not based on breach of the contract to convey but upon breach of an implied promise to pay the reasonable value of the services, and the court should be careful not to leave the impression with the jury that they may award damages for breach of the unenforceable contract.

APPEAL by defendant from *Hall, J.,* February, 1959 Civil Term, BRUNSWICK Superior Court.

After hearing the evidence offered by the adverse parties, the court, without objection, submitted the following issues:

"1. Did the defendant's intestate, J. O. Smith, during his lifetime enter into an agreement and contract with the plaintiffs, John H. Gales and wife, Juliette S. Gales, as alleged in the Complaint?

"2. If so, did the plaintiffs, John H. Gales and wife, Juliette S. Gales, render services to said J. O. Smith in good faith, relying on a contract and agreement with him, as alleged in the Complaint?

"3. What amount, if any, are the plaintiffs entitled to recover of the defendant?"

The jury answered the first and second issues, "Yes," and the third issue, "$8,850." From the judgment on the verdict, the defendant appealed.

*Herring, Walton & Parker, Rountree & Clark for defendant, appellant.*

*E. J. Prevatte, Kirby Sullivan, By: E. J. Prevatte for plaintiffs, appellees.*

HIGGINS, J.  The issues of fact arising on the pleadings and the principles of law applicable thereto are fully stated in the opinion of *Bobbitt, J.,* on the former appeal reported in 249 N.C. 263, 106 S.E. 2d 164. As pointed out in that opinion, the plaintiffs are entitled to recover the reasonable value of the services they rendered to J. O. Smith and his wife under such circumstances as implied a promise to pay for them.

As a further defense, the defendant alleged the plaintiffs and their children had a home on, and support from the defendant's farm during the entire period covered by their claim. The defendant offered evidence tending, in some degree at least, to support the allegations of this further defense.

On the issue of damages (assuming the plaintiffs have prevailed on the preceding issues) the plaintiffs are entitled to recover the difference between the reasonable value of the services rendered and the reasonable value of the benefits received. Research has failed to disclose a decision of this Court directly in point on this accounting aspect of a case based on *quantum meruit.* See *Sawyer v. Cox,* 215 N.C. 241, 1 S.E. 2d 562. Directly in point, however, is *Hendrickson v. Meredith,* 161 Va. 193, 170 S.E. 602; *Kearns v. Andree,* 107 Conn. 181, 193 A. 695; *Brown v. Woodbury,* 183 Mass. 279, 67 N.E. 327; *Warren v. Interstate Realty Co.,* 192 Ill. App. 438; *Cohen v. Stein,* 61 Wis. 508, 21 N.W. 514; *Kirkpatrick v. Jackson,* 256 Wis. 208, 40 N.W. 2d 372;

*Roske v. Ilykanyics* (Minn.) 45 N.W. 2d 769. See also 59 A.L.R. 604, and 69 A.L.R. 14.

On the issue of damages the court should have charged the jury that the amount found to be the reasonable value of the services rendered should be offset by the reasonable value of the benefits the plaintiffs and their children received from the defendant, including the use of his home and farm. Failure of the court so to charge is directly challenged by Assignment of Error No. 2, based on Exception No. 6. We hold the court's failure in this respect was prejudicial error.

By other assignments the defendant complains the court over-emphasized the importance of the alleged contract to convey the farm and in view of the wording of the issues submitted, the complaint seems to be well founded. The contract to convey was in parol. It was unenforceable under the statute of frauds. Evidence relating to it was admissible only because of its bearing on the question whether the services were rendered and accepted with the expectation the defendant would pay the plaintiffs for them. The foundation of this action is not the breach of the parol contract to convey, but the breach of the implied contract to pay reasonable value for services rendered and accepted under circumstances showing payment was expected. The instructions may have left the jurors with the mistaken belief they were awarding damages for breach of contract to convey the farm.

For the reasons assigned, the judgment of the superior court is set aside and the defendant awarded a

New trial.