NELSON O. DOUB AND WIFE, ANNIE FULTZ DOUB v. JOHN A. HAUSER.

(Filed 2 February, 1962.)

**1. Contracts § 26;   Quasi-Contracts § 2—**

Although evidence of the making of a contract with one person is ordinarily incompetent to prove the making of a contract with another, where plaintiffs' evidence is to the effect that defendant was in poor health and asked plaintiffs to live with him and look after him upon his promise to devise them property by will, evidence of a third person to the effect that defendant made a like agreement with him for like reasons is competent for the purpose of corroborating plaintiffs' evidence that defendant was in poor health and wanted someone to live with him.

**2. Trial § 17—**

Where evidence is competent for a restricted purpose, its general admission will not be held for error in the absence of a request at the time that its admission be restricted.

**3. Executors and Administrators § 24d;   Quasi-Contracts § 2—**

Where services are rendered with the parol understanding that compensation was to be made in the will of the recipient by devise of real estate, or of real estate and personal property, the measure of damages, upon failure of compensation is the value of the services rendered, less benefits received, and evidence of the value of recipient's estate is not competent on the issue of damages.

**4. Same;   Executors and Administrators § 24a—**

In this action to recover the value of personal services rendered defendant in reliance of defendant's promise to devise plaintiffs property, which contract was abandoned when defendant ordered plaintiffs off his property, evidence that defendant received a large sum in compensation for a part of his lands taken by eminent domain a short time before he ordered plaintiffs from his property, is competent as tending to show that defendant ordered plaintiffs off his property not because of failure

on their part to keep the agreement, but because he no longer needed them, there being evidence that defendant was without funds at the time the agreement was made.

**5. Evidence § 15—**

In order to be relevant, it is not required that evidence bear directly on the issue, and evidence is relevant if it relates to a circumstance surrounding the parties which is necessary to understand their conduct or motives or weigh their contentions.

**6. Same;    Executors and Administrators § 24a;    Quasi-Contracts § 2—**

Evidence that defendant sold a quantity of his lands after plaintiffs had made demand for compensation for services rendered is competent as permitting an inference that defendant was seeking to avoid payment of a legal obligation.

**7. Executors and Administrators § 24b;    Quasi-Contracts § 2—**

A cause of action to recover compensation for services rendered under an implied contract arises as the services are rendered when the agreement is for indefinite and continuous service without any definite arrangement as to time for compensation; where the agreement is that compensation should be provided in the will of the recipient, the cause of action accrues when the recipient dies without having made the agreed testamentary provision; when such agreement is abandoned, the cause of action accrues at the time of the abandonment of the contract.

**8. Same—**

Where plaintiffs' evidence is to the effect that they rendered personal services over a number of years in reliance upon the recipient's agreement to compensate them by devising property to them, the action is not barred if brought within three years of the abandonment of the contract, and if defendant wishes to challenge the sufficiency of the evidence as to the agreement to make testamentary provision for compensation, he must in apt time request the submission of an issue as to whether the services were rendered without any definite arrangement as to time for payment.

**9. Appeal and Error § 1—**

The theory of trial in the lower court must prevail in considering the appeal.

**10. Quasi-Contracts § 2—**

In an action to recover the reasonable value of personal services rendered upon implied contract to pay for same, a separate issue as to special benefits received is not necessary, but the court may properly instruct the jury to offset any amount which they should find to be the reasonable value of the services with the value of benefits received by plaintiffs and their families from the recipient of the services.

APPEAL by defendant from *Crissman, J.,* May 29, 1961 Term of FORSYTH.

This is a civil action to recover for services rendered under a parol contract which was abandoned.

DOUB *v.* HAUSER.

Plaintiffs, husband and wife, allege:

Defendant stated to plaintiffs that he was alone, had insufficient food and needed someone to care for him. There was a parol agreement that if they would "move to his farm and take care of defendant during the remainder of his life he would give them his share of the farm." They sold their home, *feme* plaintiff quit her job at a knitting mill, and they moved to defendant's farm on 7 March 1952. They resided with him in his home on the farm until 9 September 1959, caring for his personal needs, nursing him in his many illnesses, helping to grow food for him, cooking and serving his meals, washing his clothes, cleaning his house, helping to work his fields, improving and furnishing his house and farm, paying his household bills, buying his food and otherwise devoting their time and energy in his behalf. Defendant drank excessively and care of him was onerous and burdensome. Defendant made a will in August 1952 leaving male plaintiff all his personal property and all real estate except two acres, but defendant later revoked the will. In September 1959 defendant, without just cause, demanded that plaintiffs leave and threatened to evict them if they refused. In consequence they moved out. They demanded compensation for services rendered and improvements made, but defendant refused to compensate them. The reasonable value of the services and improvements is $20,000.00.

Defendant, answering, says:

There was no agreement as alleged in the complaint and plaintiffs are entitled to no compensation. If there was an agreement, it was not in writing as required by the statute of frauds and is void. If plaintiffs have a cause of action against defendant, more than three years have elapsed since it accrued and it is barred by the three years statute of limitations. Plaintiffs told defendant they were selling their home and had nowhere to live and asked that he let them move to his farm. He agreed on condition they would cultivate the farm and provide therefrom foodstuffs for him and them. About a year prior thereto *feme* plaintiff had quit her job to take care of her invalid mother. Plaintiffs, a foster child and the invalid mother moved into defendant's home about 7 March 1952. All lived there for seven years, except the invalid mother, who died there. Plaintiffs did not cultivate the farm nor provide foodstuffs therefrom. Defendant fed himself and provided fuel and food products from the farm for all. Male plaintiff continued on his job at public works. Such improvements as plaintiffs made were mainly for their own benefit, and defendant helped with these. Male plaintiff borrowed $300.00 from defendant and gave his promissory note, and has paid nothing thereon except that defendant credited the note with $203.00 for a well and pump installed by male

plaintiff. *Feme* plaintiff refused to do defendant's cooking and washing. Plaintiffs insisted that defendant make a deed or will in their favor, and he "finally decided to will most of his property to plaintiffs, but on condition that they remain with him and take care of him as long as he lived." As soon as the will was executed plaintiffs began to make his condition intolerable. There was a total failure of consideration on the part of plaintiffs. Plaintiffs are indebted to defendant at the rate of $75.00 per month for the time they occupied the residence and had use of the farm, outbuildings and farm machinery — total indebtedness $6300.00.

At the trial plaintiffs and defendant offered evidence, and issues were submitted to and answered by the jury as follows:

"1. Did the defendant, John H. Hauser, enter into an agreement with the plaintiffs, Nelson and Annie Doub, as alleged in the complaint? Answer: Yes.

"2. If so, did the plaintiffs, Mr. and Mrs. Doub, render services to the defendant and make improvements on the property in accord with the agreement as alleged in the complaint? Answer: Yes.

"3. What is the reasonable value of the services and improvements provided to the defendant by the plaintiffs between 7 March 1952 and 9 September 1959? Answer: $7,500.00."

Judgment was entered in accordance with the verdict.

Defendant appeals.

*Buford T. Henderson and Clyde C. Randolph, Jr., for defendant appellant.*

*Craige, Brawley, Lucas & Hendrix and Hamilton C. Horton, Jr., for plaintiffs appellees.*

MOORE, J. Defendant makes fourteen assignments of error based on forty-three exceptions. We discuss several which we consider decisive.

(1) Plaintiffs' witness, W. D. Dalton, testified on direct examination that he lived with defendant in 1949, and, over objection, stated: "Mr. Hauser was sick. . . . I got to going over there to see him; and he got after me to move in and take care of him and look after him; he didn't want to live by himself. . . . I told him . . . I'd move in with him. And he said if I did he'd give me his part of his estate there, his land. . . . (h)e said a time or two afterwards he was going to fix up some papers; but he never did do it." On cross-examination Dalton stated that he left on his own accord because of family obligations and was still on good terms with defendant. Defendant on cross-examination testified, over objection, that he made a will at one time leaving his

property to Mr. Strupe. In the charge the court recapitulated these items of testimony.

Defendant contends that the evidence was incompetent and prejudicial to him for that it "was entered by plaintiffs in order to characterize the defendant as an individual who goes around cheating people by promiscuously promising to leave his property to them if they will work for him."

It does not appear from the record that plaintiffs allege or contend that defendant was guilty of any fraud. Had fraud on the part of defendant been at issue the evidence of prior dealings of a similar nature would have been competent to show intent. *Insurance Co. v. Knight*, 160 N.C. 592, 76 S.E. 623. We do not agree that the inference suggested by defendant could be reasonably drawn from the testimony in question. Dalton did not accuse defendant of any unfair dealing, but explained that he left of his own accord; the court repeated this explanation in the charge. There was no testimony as to what the dealings were between defendant and Strupe other than the bare statement that defendant at one time made a will leaving his property to Strupe.

Ordinarily evidence of the making of a contract with one person is incompetent to prove the making of a contract with another. *Guano Co. v. Mercantile Co.*, 168 N.C. 223, 84 S.E. 272. The challenged testimony was not competent to prove the existence of a contract between the parties, but in our opinion it was competent for corroborative purposes. *Koonce v. Motor Lines, Inc.*, 249 N.C. 390, 106 S.E. 2d 576. The testimony in question tends to corroborate plaintiffs' evidence that defendant was in poor health, did not want to live alone, and wished to have someone live in the home with him. Where evidence is admissible for some purposes, but not for all, its admission will not be held for error unless appellant requested at the time of admission that its purpose be restricted. *State v. Corl*, 250 N.C. 252, 108 S.E. 2d 608. Here there was no request to restrict the purpose of the testimony.

(2) Defendant assigns as error the admission of testimony of plaintiffs on direct examination and defendant on cross-examination that about ten acres of defendant's land was taken by the State Highway Commission about 1958, for which defendant received between $3050.00 and $7550.00, and that defendant sold twenty acres of his land in 1960 after plaintiffs had demanded compensation for their services. The court, in charging the jury, gave plaintiffs' contention "that defendant was willing to go along until he got some money from the Highway Commission and felt like he could go it himself, using some of that."

Defendant contends that the evidence and instruction were prejudicial for the reason that the measure of damages is the value of serv-

ices rendered, not the value of defendant's property, and evidence of the sales had a tendency to influence the amount of the verdict.

It was stated in *Grantham v. Grantham,* 205 N.C. 363, 171 S.E. 331, that the value of the estate, the price agreed on in the contract, is some evidence of what services were worth, "it being in the nature of an admission or declaration of the parties as to the value, and having no more effect as evidence." But the better rule is that when services are rendered with the parol understanding that compensation is to be made in the will of the recipient by devise of real estate, or of real estate and personal property, the measure of damages, upon failure of compensation in accordance with the understanding, is the value of the services rendered, less benefits received, and evidence of the value of recipient's estate is not competent on the issue of damages. *Gales v. Smith,* 251 N.C. 692, 111 S.E. 2d 854; *Stewart v. Wyrick,* 228 N.C. 429, 45 S.E. 2d 764. ". . . (T)he value of a given service does not depend upon the ability of the party charged to make payment." *Sawyer v. Weskett,* 201 N.C. 500, 160 S.E. 575; 65 A.L.R. 2d, Anno: Evidence-Services to decedent — Value, p. 948.

Nevertheless, we think the evidence in question was admissible. The evidence did not purport to place a value on defendant's holdings. From defendant's own testimony it appears that he had no income of consequence before plaintiffs came to live with him, he had to raise food on his farm because he had no money to buy it with, and that his neighbors helped him on occasion. Plaintiffs' evidence tends to show that they paid his household expenses, bought food and other necessaries. In 1958 he received a "windfall" of several thousand dollars, and a few months later ordered plaintiff away. From these circumstances the jury might reasonably infer that defendant ordered plaintiffs to leave not because of any failure on their part to keep the agreement, but because he no longer needed them. "It is not required that the evidence should bear directly on the issue, but it is competent and relevant if it is one of the circumstances surrounding the parties, and necessary to be known to properly understand their conduct or motives, or to weigh the reasonableness of their contentions." *Henley v. Holt,* 214 N.C. 384, 388, 199 S.E. 383; *Bank v. Stack,* 179 N.C. 514, 103 S.E. 6.

As to the evidence of the sale by defendant of twenty acres of his land after plaintiffs had demanded compensation, it was clearly competent. In *State v. Kincaid,* 142 N.C. 657, 55 S.E. 647, it was held competent to ask defendant on cross-examination if he had not transferred his property to avoid the result of indictment. ". . . (T)he conveyance of property during litigation or just prior to it, may be evidence of the transferor's consciousness that he ought to lose. . . ." Wigmore on

Evidence (3d Ed.) Vol. 2, s. 282, p. 132. See also Annotations, 65 A.L.R. 1307.

(3) Defendant maintains that the court erred in failing to submit an issue as to the three years statute of limitations and in failing to instruct the jury that in an action for services rendered under an implied contract to pay therefor the statute bars recovery for all services except those rendered within three years of the institution of the action if there is no agreement as to the time when payment is to be made.

For recovery of compensation upon implied contract or *quantum meruit* for services rendered, the cause of action accrues according to circumstances as follows: (a) For indefinite and continuous service, without any definite arrangement as to time for compensation, payment may be required *toties quoties*. "The implied promise is to pay for services as they are rendered, and payment may be required whenever *any are rendered;* and thus the statute is silently and steadily excluding so much as are beyond the prescribed limitation." *Miller v. Lash,* 85 N.C. 51. See also: *Hodge v. Perry,* 255 N.C. 695, 122 S.E. 2d 677; *Grady v. Faison,* 224 N.C. 567, 31 S.E. 2d 760. (b) Where it is agreed that compensation is to be provided in the will of recipient, the cause of action accrues *when the recipient dies* without having made the agreed testamentary provision. *Stewart v. Wyrick, supra; Lipe v. Trust Co.,* 207 N.C. 794, 178 S.E. 665; *Helsabeck v. Doub,* 167 N.C. 205, 85 S.E. 241; *Freeman v. Brown,* 151 N.C. 111, 65 S.E. 743. (c) Where it is agreed that services are to be rendered during the life of recipient and compensation is to be provided in the will of recipient, and the contract has been abandoned, the cause of action accrues *at the time of abandonment* of the contract. *Gales v. Smith,* 251 N.C. 692, 111 S.E. 2d 854; s.c., 249 N.C. 263, 106 S.E. 2d 164; *Harrison v. Sluder,* 197 N.C. 76, 147 S.E. 684; *Shore v. Holt,* 185 N.C. 312, 117 S.E. 165; *McCurry v. Purgason,* 170 N.C. 463, 87 S.E. 244.

The instant case falls within (c) above. The action was instituted within three years of the abandonment of the agreement. The three years statute of limitations does not apply.

Where it is alleged that there was an agreement to provide compensation by will for services rendered and there is proof that services were rendered, but claimant fails to satisfy the jury by the greater weight of the evidence that there was an agreement to make testamentary provision for compensation, claimant may still recover upon a *quantum meruit* for services rendered. But request must be made in apt time that the case be submitted to the jury on this alternative, and in such alternative situation the statute of limitation applies as in (a) above. *Grady v. Faison, supra.* In the case at bar the jury verdict

established that there was an agreement for compensation by will. Moreover, neither plaintiffs nor defendant requested, in the pleadings or at the trial, that the case be submitted to the jury so as to present this alternative. Defendant tendered issues, but did not tender an issue involving the three years statute of limitation. The theory of trial in the lower court must prevail in considering the appeal. *Waddell v. Carson*, 245 N.C. 669, 97 S.E. 2d 222. Defendant's assignment of error appears to have been an after-thought.

(4) Defendant contends that the court erred in refusing "to submit an issue as to the reasonable value of benefits conferred upon plaintiffs by defendant."

The contention is untenable. In *Gales v. Smith, supra,* we said: *"On the issue of damages* the court should have charged the jury that the amount found to be the reasonable value of the services rendered should be offset by the reasonable value of the benefits the plaintiffs and their children received from the defendant, including the use of his home and farm." (Emphasis added.) In the instant case the court charged the jury, on the third issue, in substantial compliance with the rule laid down in the *Gales* case. There was no need for a separate issue as to benefits. The issues submitted here are in substantial compliance with those in *Gales.* See also: *Lipe v. Trust Co., supra; McCurry v. Purgason, supra.* Defendant offered no evidence in support of his counterclaim for rent. There are numerous exceptions based on portions of the charge, and on failures to charge in certain respects. The charge, considered contextually, fairly presents the case to the jury.

In the trial below we find no error sufficiently prejudicial to warrant a new trial.

No error.