SAM HICKS AND WIFE, FLORENCE HICKS v. SANFORD HICKS, EX-ECUTOR OF THE WILL OF RHODA HALL, AND SANFORD HICKS AND WIFE, NORMA HICKS, DEVISEES UNDER THE WILL OF RHODA HALL, DECEASED

No. 7125SC527

(Filed 29 December 1971)

1. **Frauds, Statute of § 7; Wills § 2— oral contract to devise**

   An oral contract to devise to plaintiff a portion of a farm in compensation for services rendered is within the statute of frauds and is unenforceable. G.S. 22-2.

2. **Executors and Administrators § 7; Frauds, Statutes of § 7; Wills § 2 — revoked will as evidence of contract to devise**

   Joint will executed by a husband and wife in which certain real property was devised to plaintiffs, which will the wife subsequently revoked by executing a new will, is not competent evidence of a contract by the devisors to devise their property, or a portion thereof, to plaintiffs in compensation for services rendered.

3. **Executors and Administrators § 24; Quasi Contracts § 2 — services rendered to decedent — failure to show special contract — recovery on quantum meruit**

   Failure of plaintiffs to present competent evidence to show a special contract to devise property in consideration of personal services does not preclude plaintiffs from having their case submitted to the jury if their evidence is sufficient to support a recovery based on *quantum meruit.*

4. **Executors and Administrators § 25; Quasi Contracts § 2— action for personal services rendered decedent — statute of limitations**

   Plaintiffs' claim based on *quantum meruit* for services rendered decedents was barred by the three-year statute of limitations, G.S. 1-52(1), where the action was commenced in 1969 more than three years after the death of both decedents, plaintiffs' evidence shows that they performed none of the services for which they seek compensation after 1955, and plaintiffs' evidence failed to show any special agreement with respect to compensation.

APPEAL by plaintiffs from *Friday, Judge,* January 1971 Session of Superior Court held in CALDWELL County.

Plaintiffs seek recovery for services allegedly rendered L. N. Hall and his wife Rhoda Hall from approximately 1925 until shortly after the death of L. N. Hall in 1953. They allege the following:

Feme plaintiff is the adopted daughter of L. N. Hall and wife Rhoda Hall. Shortly after plaintiffs were married in 1925, the Halls offered to employ them for work on the Halls' farm and in their orchard, store and home. Board, house rent and clothes were to be supplied, and the Halls promised "to leave all of the property owned by either or both of the Halls at their death, to the plaintiffs in lieu of wages." Plaintiffs accepted the offer and performed services until ordered by the executor of the estate of L. N. Hall to discontinue. Rhoda Hall died 12 January 1965 and left all of her property to defendants Sanford Hicks and his wife, Norma Hicks. Plaintiffs have received no compensation for the services they performed for the Halls pursuant to the agreement alleged.

Plaintiffs presented evidence tending to show that they worked for the Halls from 1925 until 1955 and that they received no compensation other than a share of the crops produced on the Hall farm and living expenses. The court excluded all evidence tending to show that the Halls made oral statements that they intended plaintiffs to have a part of the farm as further compensation for their services.

At the conclusion of plaintiffs' evidence defendants moved for a directed verdict, asserting, among other things, that the evidence was insufficient to show any agreement and that any possible claim on the basis of *quantum meruit* is barred by the three-year statute of limitations. Defendants' motion was allowed and plaintiffs appealed.

*L. H. Wall for plaintiff appellants.*

*No brief filed by attorney for defendant appellees.*

GRAHAM, Judge.

[1] Evidence tendered by plaintiffs in support of their claim for damages under an asserted contract consisted entirely of

testimony as to oral statements, purportedly made by Mr. and Mrs. Hall, promising to leave a portion of their farm to plaintiffs by will in compensation for services rendered. An oral contract to devise realty is within the statute of frauds (G.S. 22-2) and is unenforceable, *Gales v. Smith,* 249 N.C. 263, 106 S.E. 2d 164; *Clapp v. Clapp,* 241 N.C. 281, 85 S.E. 2d 153, as is also an indivisible contract to devise real and personal property. *Mansour v. Rabil,* 277 N.C. 364, 177 S.E. 2d 849; *Pickelsimer v. Pickelsimer,* 257 N.C. 696, 127 S.E. 2d 557.

[2] Plaintiffs attempted to introduce a joint will executed by both Mr. and Mrs. Hall on 28 May 1945. This joint will, which Mrs. Hall subsequently revoked by executing a new will, contained a devise of certain real property to plaintiffs. Plaintiffs contend that the joint will constitutes a note or memorandum of the Halls' contract to devise their property, or a portion thereof, and sufficiently satisfies the statute of frauds. We disagree. "The mere exercise of the statutory right to dispose of one's property at death is not of itself evidence that the disposition directed is compelled by a contractual obligation." *McCraw v. Llewellyn,* 256 N.C. 213, 217, 123 S.E. 2d 575, 578. There is nothing in the will to indicate any binding obligation on the part of the Halls to make such a devise.

It is true that under certain circumstances a joint will may itself be a sufficient memorandum of an agreement between the parties to the will to satisfy the statute of frauds. *Mansour v. Rabil, supra; Olive v. Biggs,* 276 N.C. 445, 173 S.E. 2d 301; *Godwin v. Trust Co.,* 259 N.C. 520, 131 S.E. 2d 456. We know of no instance, however, where a simple devise of property in a will has been held to be evidence of a contract between the testator and the beneficiary. Plaintiffs make no contention that the joint will constitutes a contract between the Halls which plaintiffs, as beneficiaries, are entitled to enforce. We note in passing that the joint will contains no contractual language; and further, that the document was not acknowledged in accordance with the provisions of G.S. 52-6(a). See *Mansour v. Rabil, supra.*

[3] We hold that plaintiffs failed to present any competent evidence to show the special contract alleged. However, failure to prove a special contract would not preclude plaintiffs from having their case submitted to the jury, if their evidence was sufficient to support a recovery based on *quantum meruit.* *McCraw v. Llewellyn, supra; Grady v. Faison,* 224 N.C. 567,

31 S.E. 2d 760; *McSwain v. Lane,* 3 N.C. App. 22, 164 S.E. 2d 77. Assuming for purposes of argument that the evidence here would support a recovery based on this theory, the question becomes: Is plaintiffs' claim for compensation for services, rendered and received upon the expectation that compensation would be paid, barred by the three-year statute of limitations applicable to contract actions, G.S. 1-52(1)? We answer in the affirmative.

In *Doub v. Hauser,* 256 N.C. 331, 337, 123 S.E. 2d 821, 825, the following pertinent rules are set forth:

> "For recovery of compensation upon implied contract or *quantum meruit* for services rendered, the cause of action accrues according to circumstances as follows: (a) For indefinite and continuous service, without any definite arrangement as to time for compensation, payment may be required *toties quoties.* 'The implied promise is to pay for services as they are rendered, and payment may be required whenever *any are rendered;* and thus the statute is silently and steadily excluding so much as are beyond the prescribed limitation.' (Citations omitted.) (b) Where it is agreed that compensation is to be provided in the will of recipient, the cause of action accrues *when the recipient dies* without having made the agreed testamentary provision. (Citations omitted.) (c) Where it is agreed that services are to be rendered during the life of recipient and compensation is to be provided in the will of recipient, and the contract has been abandoned, the cause of action accrues *at the time of abandonment* of the contract. (Citations omitted.)"

Although plaintiffs state in their brief that this action was instituted on 26 July 1965, the stipulation appearing in the record is that "[s]*ummons* was issued Mch. 13th 1969 to the Sheriff of Caldwell County." The summons is not in the record. The amended complaint, which is the only complaint appearing in the record, indicates that it was filed 16 December 1969. The record also shows that a demurrer was filed by defendants on 30 December 1969 and the order overruling the demurrer recites that the suit was filed within one year after the death of Rhoda Hall. Rhoda Hall died 12 January 1965. Suffice to say, the state of the record makes it difficult to determine when this action was instituted.

Supply Co. v. Murphy

[4]   If, as the stipulation in the record shows, summons issued 13 March 1969, that was the date on which this action was commenced. G.S. 1-88 (repealed effective 1 January 1970). This date was more than three years after the date of Mrs. Hall's death and the action would obviously be barred, irrespective of whether the cause of action accrued under circumstances set forth under (a), (b) or (c) in *Doub*.

Even if this action had been instituted on 26 July 1965, as plaintiffs state in their brief, it would nevertheless be barred by the statute of limitations. Plaintiffs' evidence shows that they performed none of the services for which they seek compensation after 1955. Thus, the statute would have excluded compensation, even for those last performed services, long before Mrs. Hall's death in 1965. Plaintiffs contend that it was agreed that compensation would be provided by will and that the cause of action consequently accrued in accordance with the circumstances set forth in (c) of *Doub*. However, as we have already held, plaintiffs failed to show any special agreement with respect to compensation. Therefore, their cause of action, if any, accrued under circumstances set forth in (a) of *Doub*.

We are of the opinion and so hold that plaintiffs' evidence conclusively established that their cause of action, if any, is barred by the statute of limitations.

Affirmed.

Judges MORRIS and PARKER concur.