EDWARD WAYNE PARKER AND LINDA JEAN PARKER v. TAM S. HUTCHINSON, MARY N. HUTCHINSON, AND TAM S. HUTCHINSON, JR.

No. 8423DC1289

(Filed 17 December 1985)

Evidence § 19; Contracts § 26.2— oral contract to care for chickens—evidence of other contracts admitted—no error

> There was no error in an action for compensation due under an oral contract to care for 40,000 egg producing chickens in admitting evidence as to two written contracts defendant entered into with others. The challenged evidence bore directly on the issue for decision because it tended to show that defendant rather than Chicken Haven Feed Service, a corporation then in bankruptcy, contracted with plaintiffs to care for the chickens.

> Judge WELLS dissenting.

APPEAL by defendant Tam S. Hutchinson from *Gregory, Judge*. Judgment entered 11 July 1984 in District Court, WILKES County. Heard in the Court of Appeals 20 August 1985.

Plaintiffs sued all three defendants for compensation allegedly due them under an oral contract for caring for some 40,000 egg producing chickens kept in two Wilkes County chicken houses, known as House number 5 and House number 12 of Skyview Poultry Farm, owned by defendants. After a jury trial defendants Mary N. Hutchinson and Tam S. Hutchinson, Jr. were eliminated from the case by a directed verdict and judgment was entered against defendant Tam S. Hutchinson for $10,817.10.

Plaintiffs and the defendant appellant both put on evidence and that plaintiffs had an oral contract to look after the chickens involved and in fact looked after them during the period alleged was not disputed. The dispute concerned the identity of the other

contracting party, the compensation rate agreed to, and the balance owed plaintiffs. As to these disputed issues plaintiffs' evidence tended to show that their oral contract was with the defendant Tam S. Hutchinson; that he agreed to pay them 3½ cents for each dozen eggs collected and crated, without deducting his expenses, which included the cost of heating, lighting, and maintaining the houses; and that defendant owed them $10,817.10. Defendant's evidence tended to show that plaintiffs' contract was with Chick Haven Feed Service, Inc., a corporation Tam S. Hutchinson controlled and managed; that the agreed compensation was 3½ cents for each dozen eggs collected and crated, less the maintenance and production expenses, and that Chick Haven had fully paid plaintiffs all that was due them.

*Paul W. Freeman, Jr. for plaintiff appellees.*

*Vannoy, Moore, Colvard & Triplett, by Howard C. Colvard, Jr. and Anthony R. Triplett, for defendant appellant.*

PHILLIPS, Judge.

The dispute between the parties is almost completely factual and in it being resolved against the defendant by the jury and trial court we see no error. Contrary to defendant's many contentions no inadmissible evidence was received against him; the evidence was sufficient to support the claim and verdict; the issues that the case was tried on were appropriate and the jury was correctly instructed on them.

Of defendant's eleven assignments of error only three require discussion. By assignments 3, 5 and 6 defendant contends that the court erred in receiving evidence as to two written contracts he entered into with others. He argues that the evidence was inadmissible because under our law that a contract was made with another cannot be used to prove that the same kind of contract was made between the parties. *Doub v. Hauser*, 256 N.C. 331, 123 S.E. 2d 821 (1962). Though that is certainly established law, it has no application to this case. The challenged evidence does not tend to show that defendant entered into a similar contract with plaintiffs and it was received for a different purpose, one clearly sanctioned by elemental principles of law. As the above summary of the evidence indicates, the main issue that the jury had to decide was whether defendant or Chick Haven Feed Service, a corporation

that was then in bankruptcy, engaged plaintiffs to care for the flocks of chickens in Houses numbered 5 and 12 of Skyview Poultry Farm. The evidence that defendant contends was inadmissible concerned two written contracts that defendant had with Terry's Farm Service and Reid Hampton; under these contracts Terry's Farm Service and Reid Hampton agreed to furnish the chickens for Houses numbered 5 and 12 and defendant agreed to care for the chickens and collect their eggs. This evidence bore directly on the issue for decision and could not have been properly excluded by the court because it tends to show that defendant rather than Chick Haven Feed Service contracted with plaintiffs to care for the chickens involved. Indeed, defendant himself testified that the obligation to look after the chickens referred to in the contracts was "subcontracted" to plaintiffs by Chick Haven, which would have been difficult for it to do since defendant was the prime contractor.

No error.

Judge WHICHARD concurs.

Judge WELLS dissents.

Judge WELLS dissenting.

In my opinion, the evidence plaintiff was allowed to present of other egg-gathering contracts entered into with other persons by defendant in his individual capacity went right to a principal issue in the case. It was prejudicial error to admit this evidence, and I would therefore award defendant a new trial.