VIRGINIA R. MANSOUR AND B. D. RABIL, JR. PLAINTIFFS v. SOPHIE S. RABIL, ALBERT RABIL, SR., GEORGE V. SAFY, AND RICHARD J. RABIL, CYNTHIA ANN RABIL AND ROBERT JOSEPH RABIL, MINORS, BY THEIR GUARDIAN AD LITEM, M. ALEXANDER BIGGS, LESTER RABIL, THELMA R. LANHAN, PAULINE R. KELLY, MARGARET R. GREENWOOD, AND ALICE S. LEWIS, DEFENDANTS

— AND —

PEOPLES BANK & TRUST COMPANY, EXECUTOR OF THE WILL OF SUSIE RABIL, DECEASED
INTERVENOR

No. 26

(Filed 16 December 1970)

**1. Wills § 2— contract to make joint will — sufficiency of terms**

Language in a joint will executed by a husband and wife that "we and each of us contract to and with each other that the following is our joint Will and Testament and in every respect binding on both of us," *held* sufficient, in conjunction with the reciprocal devises and bequests, to show the existence of a contract between the husband and wife to execute a joint will.

**2. Wills § 2— contract to make joint will — consideration**

The mutual promises of a husband and wife constituted sufficient consideration to support their agreement to execute a joint will containing reciprocal provisions.

**3. Seals; Wills § 2— contract to make joint will — consideration — signatures under seals**

Where a joint will executed pursuant to a contract as determined from the language of the will was signed by the husband and wife under seals, the seals are conclusive evidence of the existence of consideration for the contract.

**4. Frauds, Statute of § 7; Wills § 2— contract to devise property**

An indivisible contract to devise real and personal property comes within the purview of G.S. 22-2, Statute of Frauds.

**5. Frauds, Statute of § 7; Wills § 2— contract to make joint will — memorandum — provisions of joint will**

A joint will executed by a husband and wife was itself a sufficient memorandum of their contract for the disposition of their estates to satisfy the Statute of Frauds.

**6. Husband and Wife § 4; Wills § 2— contract to make a joint will — acknowledgment by wife — private examination — curative statutes**

A contract between a husband and wife to make a joint will was void as to the wife because it was not executed by her in accordance with G.S. 52-6, and its invalidity was not affected by the curative statutes, G.S. 52-8 and G.S. 39-13.1(b), where both curative statutes

Mansour v. Rabil

were enacted after the rights of the parties under the contract vested
upon the death of the husband, and the contract was not "in all other
respects regular" except for the failure to privately examine the wife
as required by the curative statutes.

7. **Wills § 8— revocation of joint will — failure to revoke — probation**

In the absence of a valid contract to the contrary, either signer of
a joint will may revoke it in any manner permitted by statute during
the life of all the persons signing as testators, but upon the death
of one of the persons so signing without a valid revocation by that
person, the will may be probated and given effect as his or her will.

8. **Wills §§ 2, 8— contract to make joint will void as to wife — subsequent
will of wife — revocation of joint will**

Where a contract to execute a joint will was void as to the wife
because it was not executed by her in accordance with G.S. 52-6, and
the wife revoked the joint will by execution of a subsequent will, the
joint will cannot be probated as the wife's will.

9. **Estoppel §§ 4, 5— acceptance of benefits under a will — estoppel to
contest will**

One who accepts benefits under a will and those in privity with
such person, including heirs and devisees, are estopped to contest the
will or attack its validity.

10. **Estoppel § 5— contract to make joint will void as to wife — acceptance
of benefits by wife —estoppel to assert invalidity of contract**

Neither the wife nor her heirs were estopped from contending
that a contract between the wife and her husband to execute a joint
will was void as to the wife because it was not executed by her in
accordance with G.S. 52-6, notwithstanding the wife enjoyed the bene-
fits of the contract by going into possession of the husband's property
under the terms of the joint will, since a void contract will not work
as an estoppel.

11. **Wills § 64— doctrine of equitable election — joint will void as to wife**

The doctrine of equitable election did not apply to estop the wife
from disposing of her property in a manner different from that
provided in joint will with her husband which was void as to her
where, at the husband's death, she did only what his will authorized
her to do—that is, take possession of all his property with the right
to use it and even dispose of it during her lifetime—and she was not
put to any election under contradictory terms in the will or forced
to make a choice between inconsistent benefits.

12. **Wills §§ 34, 40— construction of joint will — estate received by surviv-
ing wife**

Provisions of a joint will devising and bequeathing all of testators'
real and personal property to their two children "subject always to
our life estate therein," and authorizing the wife, if she survived the
husband, "in her lifetime, if she thinks best to do so," to convey and
encumber the property "in just as full and ample manner as if she

. . . was the absolute owner in fee simple thereof," *held* to give the surviving wife a life estate in the real and personal property of the husband with the power to dispose of it during her lifetime.

**13. Husband and Wife § 17— entirety property — survivorship**

Land owned by a husband and wife by the entirety passed to the wife upon the death of the husband by right of purchase under the original grant or devise and by virtue of survivorship and not otherwise, the husband having no descendible or devisable estate in such land.

APPEAL by both plaintiffs and all answering defendants from *Copeland, J.,* at the March 1970 Special Session of EDGE-COMBE County Superior Court, certified pursuant to G.S. 7A-31 for review by the Supreme Court before determination by the Court of Appeals.

This is an action for a declaratory judgment to construe the will of B. D. Rabil (B. D.) and wife, Susie Rabil (Susie). At the trial all parties waived a jury trial and agreed for the court to hear the evidence, find the facts, and make conclusions of law, the parties stipulating that the issues were: (1) the construction of B. D.'s will, and (2) whether or not the will was executed pursuant to a valid and binding contract between B. D. and Susie, his wife.

The court found the following pertinent facts:

"1. That Betrus D. Rabil died July 12, 1964, while a resident of Edgecombe County, North Carolina, and that Exhibit "A" attached to the complaint for declaratory judgment is an exact copy of the Last Will and Testament of Betrus D. Rabil as the same was probated in this county.

"2. That Susie Rabil, the wife of Betrus D. Rabil, died on February 15, 1969, while a resident of Edgecombe County, North Carolina, and that Exhibit "B" attached to the stipulations is an exact copy of the Last Will and Testament of Susie Rabil, as the same was probated in this county.

"3. That Betrus D. Rabil and Susie Rabil intermarried and that of this marriage two children were born, namely, Virginia R. Mansour and Betrus D. Rabil, Jr.

"4. That the instrument attached to the complaint for declaratory judgment and marked Exhibit "A" was signed by Betrus D. Rabil and Susie Rabil.

"5. That a controversy now exists between the plaintiffs and the defendants as to their respective rights, and property interest acquired by or affected by the terms of Exhibit "A."

*     *     *

"7. That all of the real and personal property received by Susie Rabil from the estate of Betrus D. Rabil and not disposed of during her lifetime for her own use and benefit or by *inter vivos* transfer is now owned in fee simple by Virginia R. Mansour and B. D. Rabil, Jr., as tenants in common.

"8. That Exhibit "A" was not executed by Betrus D. Rabil and Susie Rabil pursuant to and in accordance with a contract between the parties based upon a valid consideration.

"9. That immediately prior to the death of Betrus D. Rabil, he and Susie Rabil owned the following classifications of property:

"a. Real property solely owned by Betrus D. Rabil.
"b. Real property owned as tenants by the entirety.
"c. Personal property owned by Betrus D. Rabil.
"d. Personal property owned by Susie Rabil.
"e. Personal property jointly owned by Betrus D. Rabil and Susie Rabil with right of survivorship by contract.

"10. That immediately following the death of Betrus D. Rabil and under the terms of Exhibit "A," Susie Rabil went immediately into possession of all of the property, both real and personal, individually owned by Betrus D. Rabil at the time of his death.

"11. That the provisions of General Statute 52-12, now General Statute 52-6, do not arise in this case for the reason that the Court has found that Exhibit "A" was not executed by Betrus D. Rabil and Susie Rabil pursuant to and in accordance with a contract between the parties based upon a valid consideration.

"12. That Betrus D. Rabil and Susie Rabil were more than twenty-one years of age at the time of the execution of Exhibit "A."

"13. That upon motion of Peoples Bank & Trust Company to be allowed to intervene and be made party to this matter, the same was allowed, and that on November 7, 1969 this party filed an answer to the complaint herein. That prior to that time all of the other defendants had filed an answer to said complaint. That on February 16, 1970 the plaintiffs filed a paper writing in the court entitled 'Reply' and that in the portion thereof entitled 'Fourth Reply' they allege as follows:

'Plaintiff, without waiving their other defenses and specifically relying upon same, in the alternative, allege that Susie Rabil, upon the death of B. D. Rabil purported to make an election to take and did in fact take property under the instrument dated October 3, 1939 probated as the Will of B. D. Rabil, and thereafter during her lifetime used and enjoyed the properties devised and bequeathed to her by said B. D. Rabil, Sr., and said Susie Rabil and those claiming by, through and under the purported Will of Susie Rabil, or otherwise, are estopped from denying the claim of ownership of plaintiffs under the terms of the Will of B. D. Rabil, Sr.' "

Judge Copeland further found that on 16 March 1970 the plaintiffs moved that the court order the filing of their reply setting up the affirmative defense of estoppel, and in its discretion accept the reply filed on 16 February 1970 without court order as the reply filed pursuit to this order; that defendants moved to strike the reply, which motion the court allowed; that in view of this ruling and in view of the stipulations as to the issues before the court, the court would not rule on the legal title to lands held by B. D. Rabil and Susie Rabil as tenants by the entireties.

Upon the foregoing findings of fact, the court made the following conclusions of law:

"1. That Exhibit "A" was not executed by Betrus D. Rabil and Susie Rabil pursuant to a valid and binding contract between them to execute a joint and mutual Last Will and Testament.

"2. That all of the real and personal property in the possession of Susie Rabil at the time of her death which was individually owned by Betrus D. Rabil at the time of

his death is now the sole property of Virginia R. Mansour and Betrus D. Rabil, Jr., as tenants in common under the terms of Exhibit "A."

"It is, Therefore, Ordered, Adjudged and Decreed:

"1. That the plaintiffs are the owners and entitled to the immediate possession of all real and personal property owned by Betrus D. Rabil individually at the time of his death which were in the estate of Susie Rabil at the time of her death.

"It is Further Ordered, Adjudged and Decreed that the cost of this proceeding be taxed against the estate and that by separate order of this court attorneys' fees be awarded in the court's discretion."

In addition to the above findings of fact, the parties stipulated to the following pertinent facts:

"5. No dissent to the Will of Betrus D. Rabil has been filed by Susie S. Rabil.

"6. Susie S. Rabil, age 77, died February 15, 1969. The attached exhibit marked 'Plaintiff Exhibit B' is a true copy of the document probated as the Last Will and Testament of Susie S. Rabil in the Superior Court of Edgecombe County.

"7. The children born of the union of Betrus D. Rabil and Susie S. Rabil were: Virginia Rabil Mansour, B. D. Rabil, Jr.

"8. Prior to the marriage of Betrus D. Rabil and Susie S. Rabil, Betrus D. Rabil had children born of his union with Beulah Hudson; they were: Albert Rabil, Talma Rabil, Margaret Rabil, Lester Rabil, Pauline Rabil.

"9. Prior to the marriage of Betrus D. Rabil and Susie S. Rabil, Susie S. Rabil had children born of her union with George Safy; they were: Sofie Safy, George Victor Safy, Alice Safy, Joe Safy (deceased, without issue), Olga Safy (deceased, without issue).

"10. B. D. Rabil, Jr. and Wadad Abu-Arab by their union had three children who are: Richard J. Rabil, Cynthia Ann Rabil, Robert Joseph Rabil."

The pertinent portions of B. D. Rabil's will relative to the determination of this case are as follows:

"We, Betrus D. Rabil and Susie Rabil, his wife . . . do hereby make, publish and declare the following to be our joint Last Will and Testament, and *we and each of us contract to and with each other that the following is our joint Will and Testament and in every respect binding on both of us:*

"1. That the real estate now owned by us as tenants by the entirety is for the purposes of this Last Will and Testament to be considered, treated and devised just as if we were tenants in common of said property, and it is to be considered and treated in the same manner in respect of any and all personal property, as well as the real estate that we or either of us as individuals may now own or at any time hereafter own so that all of said property is herein disposed of.

                    *        *        *

"3. We devise and bequeath unto our beloved children, Virginia and B. D. Rabil, Jr., *subject always to our life estate therein and further subject to the limitations and conditions, hereinafter set out,* all of the real and personal property of every nature and kind and wheresoever situated that we, or either of us, now own or may hereafter own prior to the death of the survivor. That said Virginia and B. D. Rabil, Jr. shall not, however, come into the ownership and possession of said property, the control, nor enjoy the income and rents therefrom until after the death of both of us. In the event that either one of said children shall die, the survivor shall take the share and part of the child deceased, unless said children may have married and leave children, in which case the children of the child so deceased shall take the share and part in all the real estate and personal property that the parent would have taken, if alive.

"4. [This paragraph contains the identical provisions for B. D. Rabil in the event he had survived Susie Rabil as are made in paragraph 5 for Susie Rabil.]

"5. It is expressly devised and declared to be the joint intent and purpose of both of us that in the event of the death of Betrus D. Rabil prior to the death of Susie Rabil, *that Susie Rabil in her lifetime, if she thinks best to do so*

Mansour v. Rabil

*is hereby authorized and fully empowered to sell, rent out,
convey by deed, mortgage, or deed in trust,* all or any part
of the real estate owned by us or either of us to make deed
in fee simple for property so sold or make conveyance in
fee of all or any part of said property now owned or here-
after owned by us, or either of us, whether real or personal
*in just as full and ample a manner as if she, the said Susie
Rabil was the absolute owner in fee simple thereof.* That
she, the said Susie Rabil, shall not be responsible, held
accountable for or made liable because of any conveyance
of said property made by her or by her direction after the
death of said Betrus D. Rabil, or account for the income
thereof or proceeds of sale. Any limitations, conditions,
devise or bequest made herein shall not destroy, affect or
impair the right of Susie Rabil to dispose of all and every
part of our said property by deed, mortgage or *otherwise,*
it being the intent and purpose hereof that said Susie Rabil
shall have the full right of *alienation* in respect of all and
every part of our real and personal estate *just as if she
were the absolute owner in fee simple thereof.*

"6. Ample provision has heretofore been made for
Albert, Talma, Margaret, Lester and Pauline Rabil. In
addition to the provisions that has heretofore been made,
it is directed that *the sum of one hundred dollars* each shall
be paid to said Albert, Talma, Margaret, Lester and Pauline
Rabil. This amount is in full of all they or either of them
take from our estate. Said one hundred dollars payments
are directed to be made by our executor or executrix after
the death of both of us and not before. [Emphasis added.]

*          *          *

"In Testimony Whereof, we, the said Betrus D. Rabil
and Susie Rabil, have hereunto set our hands and seals, this
October 3, 1939.

/s/ Betrus D. Rabil    (SEAL)
/s/ Susie Rabil           (SEAL)"

The pertinent portions of Susie S. Rabil's will relative to
the determination of this case are as follows:

"I, Susie S. Rabil . . . do make, publish and declare this
my last Will and Testament, hereby expressly revoking all
other Wills at any time heretofore made by me.

*          *          *

"SECOND: I give and devise to my daughter, Virginia Rabil Mansour all my right, title and interest in the property in Goldsboro, North Carolina, the same being a one-half interest at 111 and 115 E. Walnut Street, and 219 and 221 W. Walnut Street, and a one-third interest in 223 A-B-C Walnut Street.

"THIRD: I give and devise to my son, B. D. Rabil, Jr., property in Roanoke Rapids, North Carolina, designated as 1028-30 Roanoke Avenue; property in the City of Rocky Mount, Nash County, known as 2113 S. Church Street; property in Edgecombe County, City of Rocky Mount known as 320-322 S. Washington Street, now occupied by B. D. Rabil, Jr. and Wimbley Electronics in fee simple.

"FOURTH: I give and devise to my grandchildren, Richard Jamil Rabil, Cynthia Ann Rabil and Robert Joseph Rabil, children of B. D. Rabil, Jr., in equal shares property designated as 103-105-107 Marigold Street, also the building known as 316 S. Washington Street, now occupied by Jesse C. Morton.

"FIFTH: I give and devise to my son, George Victor Safy property in Rocky Mount on the West side of N. Church Street, known as 520-22-26-34 N. Church Street in fee simple.

"SIXTH: I give and devise to my daughter, Sophie Safy Rabil my home at 328 Tarboro Street in the City of Rocky Mount, together with the contents thereof in fee simple.

"SEVENTH: I give and devise to my son-in-law Albert Rabil, Sr. property located on the East side of N. Church Street, Rocky Mount, North Carolina, known as 523-31 N. Church Street, and my beachhouse and the contents thereof, located on Greensboro Street, Wrightsville Beach, North Carolina in fee simple.

"EIGHTH: I give and bequeath to Lester Rabil, Thelma Rabil Lanhan, Pauline Rabil Kelley and Margaret Rabil Greenwood, children of my husband by his first wife, the sum of $500.00 each.

"NINTH: I give and bequeath to my daughter, Alice Safy Lewis the sum of $100.00.

"TENTH: All the remainder of my property, real and personal of every kind and character, wherever the same

may be found, is to be divided equally between my son, B. D. Rabil, Jr. and my daughter, Sophie Safy Rabil."

*Braswell, Strickland, Merritt & Rouse by Roland C. Braswell; Boyce, Mitchell, Burns & Smith by G. Eugene Boyce; Farris & Thomas by Allen G. Thomas for plaintiff appellants and plaintiff appellees.*

*Thorp & Etheridge by William L. Thorp, Jr., for Albert Rabil and Sophie Rabil, defendant appellants and defendant appellees.*

*Weeks, Muse & Brown by T. Chandler Muse for George Victor Safy, defendant appellant and defendant appellee.*

*M. Alexander Biggs, Guardian Ad Litem for Richard J. Rabil, Cynthia Ann Rabil and Robert Joseph Rabil, defendant appellants and defendant appellees.*

*Defendants Alice S. Lewis, Lester Rabil, Thelma R. Lanhan, Pauline R. Kelly, and Margaret R. Greenwood elected not to file Answer, made no appearance in this action, were not represented by counsel, and did not appeal.*

*S. L. Arrington for Peoples Bank & Trust Company, Executor of the will of Susie Rabil, Intervenor.*

MOORE, Justice.

The first question is: Was the will of B. D. Rabil and Susie Rabil executed pursuant to a valid, binding contract? There is no evidence of any contract between B. D. and Susie outside the will itself, and the contract, if any, must be determined from the language of the will.

[1, 2] The will of B. D. and Susie contains the following language:

> "We, Betrus D. Rabil and Susie Rabil, his wife . . . do hereby make, publish and declare the following to be our joint Last Will and Testament, and *we and each of us contract to and with each other that the following is our joint Will and Testament and in every respect binding on both of us.*" (Emphasis added.)

"This is contractual language. It is sufficient, in conjunction with the reciprocal devises and bequests, to show the existence of a contract between the husband and wife, pursuant to which

the joint will was executed by them." *Olive v. Biggs,* 276 N.C. 445, 173 S.E. 2d 301. The trial court, however, found that this will was not executed pursuant to and in accordance with a contract between the parties because of the failure of consideration. "A sufficient consideration for a contract between husband and wife to make wills containing reciprocal provisions and providing for the disposition to be made of their property on the death of the survivor may exist in the promises of the spouses to one another to execute such a will provided it appears that the consideration was mutual in the respect that each spouse promised in reliance upon the promise of the other." 57 Am. Jur. § 699 (1948). Or, as stated in Annot., 169 A.L.R. 9, 32: "The mutual promises of husband and wife may be a consideration to support their agreement to execute jointly a will containing reciprocal provisions." *Accord, Godwin v. Trust Co.,* 259 N.C. 520, 131 S.E. 2d 456. In *Godwin,* our Court quoted with approval from *Lawrence v. Ashba,* 115 Ind. App. 485, 59 N.E. 2d 568, as follows: "It is apparent, however, that their minds did meet on a particular testamentary disposition of the property to accomplish a particular purpose, and that they intended the wills made pursuant thereto to remain unrevoked at their death. The mutual agreement of the makers of the will was sufficient consideration to bind the promisors."

[3]   The signatures of B. D. and Susie are under seals. "At common law a seal imports a good consideration for the instrument to which it is attached, and under the strict common law doctrine, a device constituting a technical seal is conclusive evidence of the existence of a consideration, and the absence thereof cannot be shown even by clear and indisputable evidence." 47 Am. Jur., Seals § 13 (1943); *Thomason v. Bescher,* 176 N.C. 622, 97 S.E. 654.

We hold there was sufficient consideration to support a contract between the parties to the will and that the trial court erred in its finding of fact No. 8, "that Exhibit 'A' was not executed by Betrus D. Rabil and Susie Rabil pursuant to and in accordance with a contract between the parties based upon a valid consideration."

[4, 5]   An indivisible contract to devise real and personal property comes within the purview of G.S. 22-2, Statute of Frauds. *Pickelsimer v. Pickelsimer,* 257 N.C. 696, 127 S.E. 2d 557; *Humphrey v. Faison,* 247 N.C. 127, 100 S.E. 2d 524;

*Jamerson v. Logan,* 228 N.C. 540, 46 S.E. 2d 561. But a joint will may itself be a sufficient memorandum of such contract to satisfy the Statute of Frauds. *Olive v. Biggs, supra; Godwin v. Trust Co., supra.* This being true, the requirement of the statute is met. There was a valid contract between B. D. and Susie based upon sufficient consideration unless the contract is void because it was not executed as required by G.S. 52-6.

[6] The trial court held that the provisions of G.S. 52-6 did not apply since there was no contract between the parties for want of a proper consideration. This Court having overruled that finding, the applicability of G.S. 52-6 becomes germane. The pertinent provisions of G.S. 52-6 are as follows:

> "(a) No contract between husband and wife made during their coverture shall be valid to affect or change any part of the real estate of the wife, or the accruing income thereof for a longer time than three years next ensuing the making of such contract, nor shall any separation agreement between husband and wife be valid for any purpose, unless such contract or separation agreement is in writing, and is acknowledged before a certifying officer who shall make a private examination of the wife according to the requirements formerly prevailing for conveyance of land.

> "(b) The certifying officer examining the wife shall incorporate in his certificate a statement of his conclusions and findings of fact as to whether or not said contract is unreasonable or injurious to the wife. The certificate of the officer shall be conclusive of the facts therein stated but may be impeached for fraud as other judgments may be."

In *Olive v. Biggs, supra,* our Court stated:

> " . . . A contract by which one binds himself to make a specified testamentary disposition of his real property is a contract affecting that property. Consequently, a contract between husband and wife prescribing the testamentary disposition of their properties is not binding upon the wife unless the procedure prescribed by G.S. 52-6 is followed."

If G.S. 52-6 is applicable, plaintiffs contend that G.S. 52-8 and G.S. 39-13.1 (b) (curative statutes) would take this case out of the operation of G.S. 52-6.

G.S. 52-8 provides:

"Any contract between husband and wife coming within the provisions of G.S. 52-6 executed between January 1, 1930, and June 20, 1963, which does not comply with the requirement of a private examination of the wife and which is *in all other respects regular* is hereby validated and confirmed to the same extent as if the examination of the wife had been separate and apart from the husband. This section shall not affect pending litigation." (Emphasis added.)

G.S. 39-13.1(b) provides:

"(b) Any deed, contract, conveyance, lease or other instrument executed prior to February 7, 1945, which is *in all other respects regular* except for the failure to take the private examination of a married woman who is a party to such deed, contract, conveyance, lease or other instrument is hereby validated and confirmed to the same extent as if such private examination had been taken, provided that this section shall not apply to any instruments now involved in any pending litigation." (Emphasis added.)

G.S. 52-8 was amended in 1967 substituting "January 1, 1930" for "October 1, 1954," and G.S. 39-13.1(b) was passed in 1969. The will in question was executed October 3, 1939, and the rights of the parties vested in 1964 upon the death of B. D. Rabil. Both G.S. 52-8 and G.S. 39-13.1(b) were enacted by the Legislature subsequent to 1964. A void contract cannot be validated by a subsequent act, and the Legislature has no power to pass acts affecting vested rights. *Booth v. Hairston*, 193 N.C. 278, 136 S.E. 879; *Foster v. Williams*, 182 N.C. 632, 109 S.E. 834; 7 Strong's N.C. Index 2d, Statutes § 8; 7 Strong's N.C. Index 2d, Curative Statutes § 9. It is also noted that each of the curative statutes provides that an instrument which is *in all other respects regular* except for the failure to take the private examination of a married woman who is a party to such instrument is validated to the same extent as if such private examination had been taken. In this case, not only was the private examination of Susie not taken but there was no finding by the certifying officer of his conclusions and findings of fact as to whether or not said contract was unreasonable or injurious to the wife as required by G.S. 52-6(b) and no acknowledgment was taken before an officer as required by G.S. 52-6(c).

We hold that under the provisions of G.S. 52-6 the contract to make a will was void as to Susie and that this was not affected by the curative statutes, G.S. 52-8 and G.S. 39-13.1(b).

[7, 8]  In the absence of a valid contract to the contrary, either signer of a joint will may revoke it in any manner permitted by statute during the life of all the persons signing as testators, but upon the death of one of the persons so signing without a valid revocation by that person, the will may be probated and given effect as his or her will. Thus, upon the death of B. D., the will in question was properly probated as his will. *Olive v, Biggs, supra; In re Will of Watson,* 213 N.C. 309, 195 S.E. 772; *In re Davis' Will,* 120 N.C. 9, 26 S.E. 636. Had Susie done nothing to revoke the joint will, at her death it could have been probated as her will. However, since Susie revoked the joint will by the execution of a subsequent will (G.S. 31-5.1(1)), the joint will cannot be probated as the will of Susie, and the subsequent will of Susie, if in all other respects valid, could properly be probated as her last will and testament.

[9-11]  Plaintiffs further contend that since Susie enjoyed the benefits of the contract and ratified it by going into possession of the property under the will of B. D. that her heirs should be estopped from contending that the contract is void even if it was not executed in accordance with G.S. 52-6. The general rule is that one who accepts benefits under a will is estopped to contest it or attack its validity. *Poplin v. Hatley,* 170 N.C. 163, 86 S.E. 1028; Annot., 28 A.L.R. 2d 121, 144. Where a party would be estopped persons in privity with such party, including heirs and devisees, are estopped. *Hayes v. Ricard,* 244 N.C. 313, 93 S.E. 2d 540; 3 Strong's N.C. Index 2d, Estoppel § 5. However, a void contract will not work as an estoppel. *Bolin v. Bolin,* 246 N.C. 666, 99 S.E. 2d 920; *Daughtry v. Daughtry,* 225 N.C. 358, 34 S.E. 2d 435; *Fisher v. Fisher,* 218 N.C. 42, 9 S.E. 2d 493. Therefore neither Susie nor her heirs were estopped by the contract. Nor were they estopped by B. D.'s will. At B. D.'s death Susie did only what his will authorized her to do; that is, to take possession of all the real and personal property belonging to B. D. with the right to use it and even dispose of it if she desired during her lifetime. She was not put to any election under contradictory terms in the will, or forced to make a choice between inconsistent benefits. She was not then estopped under the will from disposing of the property belonging to her as she

saw fit. For as this Court stated in *Burch v. Sutton,* 266 N.C. 333, 335, 145 S.E. 2d 849:

> "The doctrine of equitable election is in derogation of the property right of the true owner. Hence, the intention to put a beneficiary to an election must appear plainly from the terms of the will. *Lamb v. Lamb,* 226 N.C. 662, 40 S.E. 2d 29; *Bank v. Misenheimer,* 211 N.C. 519, 191 S.E. 14; *Rich v. Morisey,* 149 N.C. 37, 62 S.E. 762; *Walston v. College,* 258 N.C. 130, 128 S.E. 2d 134. 'An election is required only when *the will* confronts a beneficiary with a choice between two benefits which are *inconsistent with each other.' Honeycutt v. Bank,* 242 N.C. 734, 89 S.E. 2d 598. An election is required only if the will discloses it was the testator's manifest purpose to put the beneficiary to an election. *Bank v. Barbee,* 260 N.C. 106, 110, 131 S.E. 2d 666."

Under the stipulations entered into by the parties, the only remaining matter for the consideration and determination by the court is the construction of the B. D. Rabil will. In *Olive v. Biggs, supra,* the Court said:

> " . . . [T]he cardinal principle in the construction of a will is to give effect to the intent of the testator as it appears from the language used in the instrument itself, insofar as that can be done within the limits of rules of law fixed by statute or by the decisions of this Court. *Raines v. Osborne,* 184 N.C. 599, 114 S.E. 849. The intent of the testator is to be determined from the entire instrument so as to harmonize, if possible, provisions which would otherwise be inconsistent. *Clark v. Connor,* 253 N.C. 515, 117 S.E. 2d 465; *Andrews v. Andrews,* 253 N.C. 139, 116 S.E. 2d 436; *Gatling v. Gatling,* 239 N.C. 215, 79 S.E. 2d 466."

As Justice Bobbitt (now Chief Justice) said in *Trust Co. v. Wolfe,* 245 N.C. 535, 96 S.E. 2d 690:

> "When undertaking to reconcile apparently conflicting provisions 'greater regard must be given to the dominant purpose of a testator than to the use of any particular words.' *Trust Co. v. Waddell,* 234 N.C. 454, 461, 67 S.E. 2d 651. If it may reasonably be done, apparently inconsistent subordinate provisions must be given effect in accordance with the general prevailing purpose of the

testator. *Schaeffer v. Haseltine, supra* [228 N.C. 484, 489, 46 S.E. 2d 463]; *Coppedge v. Coppedge, supra* [234 N.C. 173, 176, 66 S.E. 2d 777]."

[12, 13] The will in paragraph 3 provides: "We devise and bequeath unto our beloved children, Virginia and B. D. Rabil, Jr., *subject always to our life estate therein* and further subject to the limitations and conditions, hereinafter set out, all of the real and personal property of every nature and kind and wheresoever situated that we, or either of us, now own or may hereafter own prior to the death of the survivor," and in paragraph 5 provides that " . . . in the event of the death of Betrus D. Rabil prior to the death of Susie Rabil, that Susie Rabil *in her lifetime, if she thinks best to do so,* is hereby authorized and fully enpowered to sell, rent out, convey by deed, mortgage, or deed in trust, all or any part of the real estate owned by us or either of us to make deed in fee simple for property so sold or make conveyance in fee of all or any part of said property now owned or hereafter owned by us, or either of us, whether real or personal *in just as full and ample a manner as if she, the said Susie Rabil was the absolute owner in fee simple thereof.*" (Emphasis added.) Considering these provisions and the will in its entirety, we think it apparent that the intent of B. D. was that his wife would not acquire title in fee to his property, but if she survived him his property was to pass to her for life with the right to dispose of it, if she so desired, during her lifetime. In the real estate owned by B. D. she acquired a life estate with the right to dispose of it during her lifetime. The same was true of any personal property owned by B. D. Land owned by B. D. and wife, Susie, by the entirety, passed to Susie upon the death of her husband by right of purchase under the original grant or devise and by virtue of survivorship and not otherwise. In this property B. D. had no estate which was descendible or devisable. *Isaacs v. Clayton, Commissioner of Revenue,* 270 N.C. 424, 154 S.E. 2d 532; *Honeycutt v. Bank,* 242 N.C. 734, 89 S.E. 2d 598; *Davis v. Bass,* 188 N.C. 200, 124 S.E. 566. Consequently, we hold that the real and personal property owned by B. D. Rabil and not disposed of by Susie during her lifetime passed under his will to Virginia Rabil and B. D. Rabil, Jr., as tenants in common, absolutely and in fee simple; that the real property owned by B. D. Rabil and Susie Rabil as tenants by the entirety passed to Susie Rabil by operation of law; and that consequently any real property owned by B. D. Rabil and Susie Rabil by the entirety and any personal property owned by her individ-

ually and any personal property jointly owned by B. D. Rabil and Susie Rabil with right of survivorship by contract was subject to be devised and bequeathed by her subsequent will. The attempt by her to devise and bequeath real estate and personal property remaining in the estate of B. D. at her death was void as she only had a life estate therein, and at her death this passed to Virginia and B. D. Rabil, Jr., under the will of B. D. Rabil.

The judgment of the trial court is modified in accordance with this opinion.

Modified and affirmed.