WILLIAM L. COLLINS, JR.; BARBARA C. ROOKS; AND FREDDIE E. COLLINS, PLAINTIFFS v. ESTATE OF HELEN J. COLLINS; LLOYD ALLEN STROUPE, EXECUTOR OF THE ESTATE OF HELEN J. COLLINS; LLOYD ALLEN STROUPE, INDIVIDUALLY; AND ANY SUCCESSOR EXECUTOR OF THE ESTATE OF HELEN J. COLLINS, DEFENDANTS

No. COA04-1282

(Filed 4 October 2005)

**Wills— mutual—without express contractual language or separate agreement—not a contract**

The execution of mutual wills between a husband and wife without express contractual language did not create a binding contract that required the survivor to devise her property in the same manner. There was not a separate contract or trust agreement, and the circumstances of the will do not create a contract.

Appeal by defendants from order entered 8 August 2004 by Judge Robert P. Johnston in Lincoln County Superior Court. Heard in the Court of Appeals 11 May 2005.

*Steve Dolley, Jr. for defendants-appellants.*

*Poyner & Spruill, LLP, by Cynthia L. Van Horne, for plaintiffs-appellees.*

ELMORE, Judge.

This appeal presents the question of whether the execution of mutual wills[1] by a husband and wife creates a binding contract where the wills do not contain any contractual language. We determine that, in the absence of express contractual language, no contract arises between the husband and wife.

On 27 November 2001 William L. Collins (William) and Helen J. Collins (Helen), husband and wife, executed wills with identical language except for the name of the maker. The wills were prepared by the same attorney. Under the 2001 wills, William and Helen be-

---

1. A mutual will is "[o]ne of two separate wills in which two persons, usu. a husband and wife, establish identical or similar testamentary provisions disposing of their estates in favor of each other." *Black's Law Dictionary* 1629 (8th ed. 2004); *see also Godwin v. Trust Co.*, 259 N.C. 520, 529, 131 S.E.2d 456, 362 (1963) ("[A] mutual or reciprocal will is one in which two or more persons make mutual or reciprocal provisions in favor of each other.") As the wills in the instant case contained reciprocal testamentary provisions, they are properly classified as mutual wills.

queathed and devised all assets to the surviving spouse in fee simple. Upon the death of the survivor, the wills bequeathed and devised the property to their four children equally. Plaintiffs, William J. Collins, Jr., Barbara C. Rooks, and Freddie E. Collins, are the children of William L. Collins from a prior marriage. Defendant Lloyd Allen Stroupe (Allen) is the son of Helen J. Collins from a prior marriage.

William died on 1 November 2002. Subsequently, on 9 January 2003, Helen executed a will in which she bequeathed her entire estate and the inheritance from William's estate to her son Allen. On the same day, Helen presented the Clerk of Lincoln County Superior Court with a will of William executed on 29 April 1980. She applied for and was appointed executrix of his estate.

Helen died on 22 March 2003. On 9 April 2003, Allen presented Helen's will dated 9 January 2003 to the Clerk of Lincoln County Superior Court. Allen was appointed executor of Helen's estate and, accordingly, received Letters Testamentary. Allen was also appointed successor executor of William's estate. On 26 June 2003 plaintiffs filed a claim against Helen's estate. Allen, in his capacity as executor of Helen's estate, rejected this claim. On 7 July 2003 plaintiffs filed a caveat action in superior court, challenging the 1980 will of William that was admitted to probate. Plaintiffs alleged that the 1980 will had been revoked when William executed the 2001 will and that the 2001 will should have been probated. According to plaintiffs, all parties agreed in a consent order to probate William's 2001 will.

Plaintiffs filed a complaint in the instant action on 25 August 2003 against Helen's estate for breach of contract and constructive trust. Both parties filed motions for summary judgment. Plaintiffs argued that the mutual wills of William and Helen dated 27 November 2001 formed an agreement and that Helen was bound not to make a will different from her 2001 will. By executing her will on 9 January 2003, plaintiffs contended, Helen breached this agreement. On 8 August 2004 the trial court entered an order granting plaintiffs' motion for summary judgment and denying defendants' motion. Defendants appeal.

Defendants argue that because there was no contractual language in the wills and no separate contract or agreement incorporated into the wills, Helen was not contractually bound to bequeath her property in the manner stated in the 2001 wills. We agree with defendants that *Godwin v. Trust Co.*, 259 N.C. 520, 131 S.E.2d 456 (1963), sets the framework for our analysis. In that case, a husband and wife exe-

cuted two wills which were identical except for the names of the makers. *Godwin*, 259 N.C. at 524, 131 S.E.2d at 459. On the same day that they executed their respective wills, the husband and wife jointly executed a trust agreement. Each will declared that the property was to be disposed of as provided in the provisions of the trust agreement. *Id.* Subsequent to the wife's death, the husband executed a new will, thereby revoking his previous will. The trustee initiated an action to compel specific performance of the alleged contract between the husband and wife regarding the distribution of their property in accordance with their wills. *Id.* at 521, 131 S.E.2d at 457. Our Supreme Court recognized the general principle that a mutual or joint will may be revoked by either of the testators unless it was made in pursuance of a contract. *Id.* at 530, 131 S.E.2d at 463. "In the absence of a valid contract, . . . the mere concurrent execution of the will, with full knowledge of its contents by both testators, is not enough to establish a legal obligation to forbear revocation." *Id.* The Court concluded that the wills of the husband and wife established the existence of a contract, as each will expressly incorporated the trust agreement. *Id.*

Unlike the plaintiff in *Godwin*, plaintiffs in the instant case do not contend that there was a separate contract or trust agreement in addition to the wills. The *Godwin* Court examined a contractual document incorporated into the wills, rather than the language of the wills alone, as the basis for a contract. In two later cases addressing joint wills, however, the Supreme Court looked no further than the will itself to find the necessary contractual language.

In *Olive v. Biggs*, 276 N.C. 445, 173 S.E.2d 301 (1970), the husband and wife executed a joint will but no additional document as evidence of a contract between them. The trial court found, and this Court agreed, that since there was no contract between the husband and wife, disposition of property recited in the joint will could be changed without consent of the other party. *Olive*, 276 N.C. at 453, 173 S.E.2d at 306-07. In reversing, the Supreme Court stated that a joint will itself may be sufficient evidence of the intent of the parties to enter a binding contract. *Id.* at 461, 173 S.E.2d at 312. The will declared that "We, Robert M Olive, Sr., and Ruth Sedberry Olive, husband and wife, . . . *in consideration of each making this OUR LAST WILL AND TESTAMENT*, do hereby MAKE, PUBLISH and DECLARE this instrument to be jointly as well as severally OUR LAST WILL AND TESTAMENT." *Id.* at 462, 173 S.E.2d at 312-13 (capitalization in original). After reciting this provision, the Court concluded: "This is contractual language. It is sufficient, in conjunction with the recipro-

cal devises and bequests, to show the existence of a contract between the husband and wife, pursuant to which the joint will was executed by them." *Id.*

In *Mansour v. Rabil*, 277 N.C. 364, 177 S.E.2d 849 (1970), the husband and wife executed a joint will which stated that *"we and each of us contract to and with each other that the following is our joint Will and Testament and in every respect binding on both of us." Id.* at 373, 177 S.E.2d at 855 (emphasis in original). The Court held that this was contractual language sufficient to show the existence of a contract between the husband and wife. *Id.* Both *Olive* and *Mansour* dictate that execution of a joint will does not bind a husband and wife to the devises and bequests of property set out therein unless the will or another document contains contractual language evidencing the intent to enter into a binding contract. We are mindful that the type of will at issue in these cases was a joint will, as opposed to mutual wills. Nonetheless, we see no reason to apply a different analysis to the burden of establishing a contract within the four corners of a mutual will.

Plaintiffs fail to point to any contractual language contained within the mutual wills in the instant case.[2] There is no statement in the wills of Helen and William expressing the clear intent of the parties that the wills are made pursuant to a contract. *Cf. Robinson v. Graham*, 799 P.2d 610 (Okla. 1990) (joint will of husband and wife expressly stated that it was the result of a contract and that neither party to the agreement would revoke, alter, or amend the will). The mere fact that the provisions of the wills are reciprocal and identical in language, except for the name of the maker, is not sufficient to create a binding contract. *See Godwin*, 259 N.C. at 530, 131 S.E.2d at 463. In accordance with the reasons stated above, we determine that plaintiffs failed to prove a binding contract between Helen and William to dispose of their property in the manner specified in their respective wills. We, therefore, hold that the trial court erred in grant-

2. To the extent that plaintiffs assert that this Court should look to the circumstances of the execution of the wills, *e.g.*, the fact that the same attorney prepared both wills and the wills contain identical terms, plaintiffs are in effect asking this Court to apply a presumption that a contract is created upon the execution of wills with reciprocal and identical provisions. We reject plaintiffs' assertion that the circumstances surrounding the execution of the will, rather than the language of the will, may create a contract. *See Mansour*, 277 N.C. at 373, 177 S.E.2d at 855 (where no evidence of contract outside will, "the contract, if any, must be determined from the language of the will."); *see also* Uniform Probate Code § 2-701 ("[t]he execution of a joint will or mutual wills does not create a presumption of a contract not to revoke the will or wills.").

ing plaintiffs' motion for summary judgment and in denying defendants' motion for summary judgment.

Reversed and remanded.

Judges McGEE and CALABRIA concur.