HANKINS v. BARTLETT

[225 N.C. App. 696 (2013)]

### (2)  Foreclosure

---

JUDITH VAUGHN HANKINS, Plaintiff

v.

JANICE VAUGHN BARTLETT, Defendant

No. COA12-1051

Filed 5 March 2013

**1. Appeal and Error—interlocutory orders and appeals—final judgment—no just reason for delay**

The Court of Appeals addressed the merits of plaintiff's interlocutory appeal in a wills case where there was a final judgment as to two of plaintiff's five claims and the trial court certified that there was no just reason for delay of the appeal.

**2. Contracts—reciprocal wills—statute of frauds**

The trial court did not err in a case involving a purported contract between a husband and a wife to make and keep in force reciprocal wills by concluding it must satisfy the statute of frauds. Without evidence of such written contract, defendant was entitled to judgment as a matter of law.

Appeal by defendant from judgment entered 8 May 2012 by Judge F. Lane Williamson, in Catawba County Superior Court. Heard in the Court of Appeals 10 January 2013.

*Smith, James, Rowlett & Cohen, LLP, by Norman B. Smith, for plaintiff-appellant.*

*Sigmon, Clark, Mackie, Hanvey & Ferrell, P.A., by Stephen L. Palmer and Amber R. Reinhardt, for defendant-appellee.*

HUNTER, JR., Robert N., Judge.

Judith Vaughn Hankins ("Plaintiff") appeals an order granting partial summary judgment for Janice Vaughn Bartlett ("Defendant"). Plaintiff argues the trial court erred in concluding that a contract between a husband and a wife to make and keep in force reciprocal wills must satisfy the statute of frauds. For the following reasons, we affirm.

## I. Factual & Procedural Background

Plaintiff and Defendant are the only children of Edwin Lee Vaughn and Mildred Stanley Vaughn. Mildred Vaughn died in 1983 and her will, executed on 19 October 1977, was admitted to probate. Mildred's will left her entire estate to her husband Edwin, but in the event of his predeceasing her, the entire estate would have been divided equally between Plaintiff and Defendant.[1]

In April 2010, Edwin Vaughn executed a will leaving his entire estate to an *inter vivos* trust. This will additionally named Defendant executrix of his estate. Edwin later died in May 2010.

Upon determining that she was not a beneficiary of the trust, Plaintiff brought suit on 10 September 2010 seeking (1) a declaratory judgment that Edwin lacked the capacity to execute the trust agreement, (2) a declaratory judgment that the execution of the trust agreement was the product of undue influence and duress, (3) an order allowing Plaintiff to examine a copy of the trust agreement, (4) an order enforcing the terms of a purported contract between Edwin and Mildred Vaughn to maintain joint and mutual wills, and (5) damages for tortious interference on the part of Defendant with respect

---

1. Edwin Vaughn purportedly executed an identical will in 1977. Mildred Vaughn's will mentions that her husband executed a will simultaneously and affidavits in the record assert that Edwin's original will contained identical terms as his wife's. However, Edwin's will was not admitted into evidence and is not part of the record on appeal.

to the contract. On 7 May 2012 the trial court granted partial summary judgment in favor of Defendant, dismissing Plaintiff's fourth and fifth claims related to the existence of a contract between Edwin and Mildred. On 30 May 2012 Plaintiff filed a timely notice of appeal.

## II. Jurisdiction & Standard of Review

[1] Preliminarily, we note that the trial court's order granting Defendant's motion for partial summary judgment is interlocutory, as it is an order made during the pendency of the action, which did not dispose of the case. *See Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950) (stating that "[a]n interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy"); *see also Liggett Group v. Sunas*, 113 N.C. App. 19, 23, 437 S.E.2d 674, 677 (1993) ("A grant of partial summary judgment, because it does not completely dispose of the case, is an interlocutory order from which there is ordinarily no right of appeal.").

An interlocutory order is, however, subject to immediate appeal if "the trial court enters a final judgment as to one or more but fewer than all of the claims or parties and the trial court certifies in the judgment that there is no just reason to delay the appeal." *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994). Our appellate rules require a party relying on a certification made pursuant to N.C. R. Civ. P. 54(b) to "show that there has been a final judgment as to one or more but fewer than all of the claims or parties and that there has been a certification by the trial court that there is no just reason for delay." N.C. R. App. P. 28(b)(4). Plaintiff's brief having satisfied these requirements, we have jurisdiction to hear the instant appeal.

A grant of summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C R. Civ. P. 56(c). We review a trial court's grant of summary judgment *de novo*. *Craig v. New Hanover Cty. Bd. of Educ.*, 363 N.C. 334, 337, 678 S.E.2d 351, 354 (2009). Under *de novo* review this Court considers the matter anew and freely substitutes its judgment for that of the lower tribunal. *Id.*

## III. Analysis

**[2]** Plaintiff argues the trial court erred in concluding that a contract to create and maintain joint and mutual wills is subject to the statute of frauds, N.C. Gen. Stat. § 22-2 (2011), and that absent evidence of a writing, Defendant was entitled to summary judgment on the contract claims.

Our Supreme Court has long recognized that "an oral contract to convey or to devise real property is void by reason of the statute of frauds." *Pickelsimer v. Pickelsimer*, 257 N.C. 696, 698, 127 S.E.2d 557, 559 (1962). Additionally, our Supreme Court has previously held that a contract to maintain reciprocal wills is not created by the mere concurrent execution of wills. *Godwin v. Wachovia Bank & Trust Co.*, 259 N.C. 520, 530, 131 S.E.2d 456, 463 (1963). Rather, there must be specific contractual language manifesting an intent to create such a contract, either in a separate document such as a trust agreement, or in the wills themselves. *Collins v. Estate of Collins*, 173 N.C. App. 626, 628, 619 S.E.2d 531, 533 (2005).

Plaintiff, her husband, her son, and a family friend all submitted affidavits asserting that Edwin and Mildred had intended that their 1977 wills be joint and mutual so that, in the event of both of their deaths, their estate would be divided equally between Plaintiff and Defendant. Plaintiff contends that this evidence is sufficient to establish a triable issue of fact as to whether an oral contract existed between Edwin and Mildred to maintain joint and mutual wills.[2] Plaintiff attempts to distinguish the instant case from *Collins* by noting that the Court in *Collins* did not explicitly hold that the "specific contractual language" necessary to create a valid will contract *must* be in writing.

However, the contract between Mildred and Edwin to maintain joint and mutual wills in this case would have necessarily involved devising real property.[3] As such, any agreement to maintain reciprocal wills would be subject to the statute of frauds. Accordingly, Plaintiff's submission of evidence regarding the existence of an oral contract between Edwin and Mildred in 1977 is insufficient to survive a summary judgment motion.

---

2. Plaintiff contends Mildred's written will provides the terms of the contract.

3. When Mildred's will was admitted to probate, $155,015.00 worth of real property was recorded among her assets.

Plaintiff argues that the our Supreme Court's decision in *Lipe v. Citizens Bank & Trust Co.* supports her contention that will contracts, including those establishing joint and mutual wills, are not subject to the statute of frauds. 207 N.C. 794, 178 S.E. 665 (1935). In *Lipe*, the decedent promised to will all of her property to the plaintiff if he would look after her and manage her affairs. *Id.* at 794-95, 178 S.E. at 665. The decedent died, bequeathing only $3,000 of a $16,000 estate to the plaintiff after nineteen years of service. *Id.* The trial court found for the plaintiff and the decision was affirmed by our Supreme Court. *Id.* at 795-96, 178 S.E. at 666.

*Lipe* is immediately distinguishable from the instant case in that the statute of frauds was not at issue. The *Lipe* Court specifically noted that the jury was instructed that the plaintiff sought to recover for the reasonable value of his services, not damages for breach of an alleged contract. *Id.* Thus, *Lipe* is not analogous to the instant case, because the plaintiff did not recover under any purported contract. *See Envtl. Landscape Design Specialist v. Shields*, 75 N.C. App. 304, 305, 330 S.E.2d 627, 628 (1985).

Here, the only writing evidencing any transaction in 1977 is Mildred's will. Contrary to the entire thrust of Plaintiff's argument, Mildred's will contains a clause entitled "No Implied Contract" which provides:

> This Will is being executed on the same date as is the Will of my spouse; but in no event shall our Wills be considered joint or mutual, it being our express intention that the survivor shall in no way be restricted in the use, management, enjoyment or disposition of his or her separate estate or property received under the other's Will.

Without evidence of a written contract between Edwin and Mildred executed subsequent to their 1977 wills suggesting differently, Defendant was entitled to judgment on the contract claims as a matter of law.

### IV. Conclusion

The trial court did not err in granting partial summary judgment for Defendant. As the statute of frauds can be raised as a defense to the enforcement of a contract for the creation and maintenance of joint and mutual wills, Defendant was entitled to judgment as a matter of law.

AFFIRMED.

Judges STROUD and DAVIS concur.

